### 1085.  CARR v. THE STATE.

POWELL, J. 1. The charge on the subject of alibi, taken in its entirety, is substantially in accord with what this court approved in the case of *Smith* v. *State,* 3 *Ga. App.* 803 (61 S. E. 737).

2. Where the question of personal identity and the fact of alibi are virtually the same defense, a charge on the one substantially covers the other. *Dale* v. *State,* 88 *Ga.* 553 (6), (15 S. E. 287).

3. A slip of the tongue by the trial judge, in stating the general designation of the offense with which the prisoner stands charged, is cured by an immediate correction, in which not only the true designation is given, but also the full nature of the offense as set out in the indictment.

4. No error appears.        *Judgment affirmed.*

Indictment for robbery, from Bibb superior court—Judge Felton.  March 3, 1908.

The instructions of the court to the jury on the subject of alibi were as follows: "Evidence has been introduced as to an alibi, by the defendant. The word alibi means elsewhere. That is the English definition of the Latin word alibi. In its legal sense and when used as a defense, it involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission; and the range of evidence in respect to the time and place must be such as to reasonably exclude the possibility of the presence of the defendant. It is not required that the evidence or conviction of the impossibility of the prisoner's presence should be more strong or full than would be sufficient to prove any other fact in the case. Any evidence, however, of an alibi is to be considered on the general case, with the rest of the testimony, and, if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt should be given in favor of innocence." In the motion for a new trial an extract from these instructions was complained of "because it put the burden of proof upon the defendant to establish his alibi as fully and strongly as any other fact in the case; which . . meant proof of his alibi beyond a reasonable doubt." It was also alleged that the court erred in failing to instruct the jury upon the defendant's contention as to the failure of the State to identify him as being the person who committed the alleged offense.

*Richard Curd, Glawson & Fowler,* for plaintiff in error.

*William Brunson, solicitor-general, Roland Ellis,* contra.