## 2507.  GLOVER *v.* THE STATE.

1. On the question as to whether the verdict of shooting at another is authorized by the evidence, the case of *Fallon* v. *State*, 5 *Ga. App.* 659 (63 S. E. 806), is controlling.

2. "Where the question of personal identity and the fact of alibi are virtually the same defence, the omission of the court to instruct separately on alibi is not error."

3. Wherever section 1036 of the Penal Code of 1895 is applicable, it is error for the judge to fail to give it in charge to the jury. However, the defendant's guilt being reasonably clear in the present case, and it being possible that the errors complained of may be corrected without a new trial, the judgment is reversed, with directions looking to the obviating of this error.

Indictment for assault with intent to murder; from Worth superior court—Judge Park.     February 18, 1910.

Submitted March 23,—Decided April 6, 1910.

*Claude Payton, C. E. Hay,* for plaintiff in error.

*William E. Wooten, solicitor-general,* contra.

POWELL, J.   Fannie Glover was indicted for assault with intent to murder, and convicted of the offense of shooting at another. The prosecutor swore that though it was slightly after sundown when he was shot, he could clearly recognize the defendant; and if his statement was true, he could hardly be mistaken in her identity.   Especially is this true as there were only two or three other persons present, and the occurrence happened at the defendant's house, or very near there.   The others present, without attempting to say who did shoot, said that it was not the defendant.   The defendant herself stated that she had gone to the well for water and had not returned to the immediate point where the shooting occurred, when it took place.   While the distance from the well to the place where the shooting took place is not shown, there is nothing to indicate that it was very far.   The judge did not in express terms instruct.

the jury on the question of alibi, but did tell them that the evidence, beyond a reasonable doubt, must identify the defendant as the person who did the shooting.

1. The first point is that the verdict of shooting at another is not authorized—that if the defendant shot at all, she was guilty of assault with intent to murder; that there was no middle ground. The point is not well taken. See *Fallon* v. *State*, 5 *Ga. App.* 659 (63 S. E. 806).

2. "Where the question of personal identity and the fact of alibi are virtually the same defence, the omission of the court to instruct separately on alibi is not error." *Dale* v. *State*, 88 *Ga.* 553 (6), (15 S. E. 287); *Carr* v. *State*, 4 *Ga. App.* 332 (2), (61 S. E. 293). There was no written request to charge on alibi, in the present case. It is doubtful that even the defendant's statement presented a case of strict technical defense of alibi. See also *Smith* v. *State*, 6 *Ga. App.* 577 (65 S. E. 300).

·3. The charge of the court in the main was very able, fair, and lucid. There was an omission, however, which, under the decision of the Supreme Court in *Johnson* v. *State*, 100 *Ga.* 78 (25 S. E. 940), is so material as not to be treated as harmless error. The offense of which the defendant was convicted is one of those as to which the jury have the right to make the recommendation that the defendant be punished as for a misdemeanor. The court failed to give the jury any instruction on this point. In the *Johnson* case, supra, the judgment of the trial court was reversed solely because of this failure. That case has been followed in several adjudications. This, however, is a matter relating to the punishment, and not affecting the question as to the guilt or innocence of the defendant. This court has no power to interfere with the punishment inflicted by the lower court, so long as it is within the limits fixed by the statute; and the direction we are now about to give is not intended as an attempt to control the discretion of the lower court, but merely to put the trial judge in a position where he can more freely exercise it. For the purpose of curing the error pointed out, we reverse the judgment, but on the condition and with the direction that the trial judge may, in his discretion, reduce the punishment of the defendant to a misdemeanor punishment, and that if he does so, no new trial shall ensue. On the other hand, if the trial judge does not think that this is a case in which the interests

of public justice can best be served by the infliction of a misdemeanor punishment only, it is directed that a new trial be granted.

. *Judgment reversed with direction.*