## 11562. THOMPSON v. THE STATE.

LUKE, J. 1. No exceptions pendente lite to the overruling of the demurrer were filed. The judgment on the demurrer was rendered on April 1, 1920, and the bill of exceptions was tendered to the judge on May 1, 1920, more than 20 days after the overruling of the demurrer, and hence the assignment of error on that judgment was made too late and cannot be considered.

2. The evidence in this case authorized the conviction of the defendant, and the charge of the court, when read in its entirety, was full and fair and not subject to the criticisms urged in the defendant's motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED JULY 14, 1920.

(Certiorari was granted by the Supreme Court.)

Indictment for assault with intent to murder; from Forsyth superior court — Judge Blair. April 24, 1920.

Error in not charging the jury that they had the right to recommend a misdemeanor punishment is alleged in the motion for a new trial. The verdict fixed the punishment at "not less than two years nor more than two years." It is contended that the provisions of the Penal Code (1910), § 1062, as to the right of the jury to recommend that a felony (except as otherwise provided therein) be punished as a misdemeanor, were not altered or affected by the act of 1919 (Ga. L. 1919, p. 387), which provides that in cases of felony not punishable by life imprisonment the jury shall prescribe a minimum and maximum term of punishment.

*J. P. Brooke,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.