## 11562. THOMPSON v. THE STATE.

Where one charged with an assault with intent to murder is convicted of
that offense and given the minimum punishment by the jury, failure
of the trial judge to instruct the jury, even in the absence of a request,
that, if they found the defendant guilty as charged, they could recom-
mend, if they saw fit, that he be punished as for a misdemeanor, is re-
versible error.

DECIDED APRIL 13, 1921.

Indictment for assault with intent to murder; from Forsyth
superior court — Judge Blair. April 24, 1920.

*J. P. Brooke,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.

LUKE, J. The defendant was charged with the offense of as-
sault with intent to murder, and was convicted of that offense
by the jury, who, under the " indeterminate-sentence act " (Ga.
L. 1919, p. 387), fixed his sentence at not less than two years
nor more than two years. The defendant made a motion for
a new trial, on various grounds, one of which complained that
the court failed to charge the jury that they might recommend
that the defendant be punished as for a misdemeanor. The mo-
tion was overruled and the defendant excepted, and this court
affirmed the judgment of the trial court (25 *Ga. App.* 483, 103
S. E. 731). Upon certiorari, the Supreme Court reversed the
judgment of this court, and held that the trial judge commit-
ted reversible error when he failed to instruct the jury, even
without a request, that in the event they convicted the defend-
ant of an assault with intent to murder they could recommend,
if they saw fit, that he be punished as for a misdemeanor. It
is therefore ordered that the former judgment of this court in
this case be vacated; and the judgment of the trial court, over-
ruling the motion for a new trial, is reversed solely on the
above ground. The exception to the overruling of the demurrer
to the indictment, not having been preserved by exceptions
pendente lite, cannot be considered; the other special grounds
of the motion for a new trial are without substantial merit;
and the verdict was authorized by the evidence.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*