## 12763.   HAMLIN v. THE STATE.

The ruling of the trial judge that no juror put upon the defendant was disqualified because of relationship to a certain witness for the State is not cause for a new trial.

The interruption of the cross-examination of a witness was not error.

It was not error to refuse to charge the jury that corroboration of the testimony of the alleged victim by other witnesses was necessary, in order to convict of assault with intent to rape.

The verdict finding the accused guilty of assault with intent to rape was not without evidence to support it.

DECIDED NOVEMBER 17, 1921.   REHEARING DENIED DECEMBER 31, 1921.

Conviction of assault with intent to rape; from Brooks superior court — Judge Thomas.   July 20, 1921.

Application for certiorari was denied by the Supreme Court.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Clifford E. Hay,* solicitor-general, *Dan R. Bruce,* contra.

BLOODWORTH, J.   1. The first ground of the amendment to the motion for a new trial alleges that "the court erred in ruling and deciding that none of the jurors put on the defendant were disqualified because of their relationship to Miss Rozier." It does not appear that Miss Rozier was the prosecutor. Her only connection with the case was as a witness for the State. The judge properly ruled that he could not hold any juror disqualified because of relationship to Miss Rozier, unless it was shown that "some assault, or that it was contended that some assault, had been made upon her at the time and place alleged in the indictment," and also, that "the mere fact that Miss Rozier happened to go out in the car with the young lady alleged in the indictment, with the defendant and others, on some particular day or night at some particular locality, and without more, would not disqualify the juror related to Miss Rozier, it would have to be more than that." Moreover, it was not shown that any of the jurors were in fact related to Miss Rozier. Indeed, no objection was raised to any individual juror, nor was one of them challenged because of his relationship to her. See Penal Code (1910), § 999; *Williams* v. *State, 23 Ga. App.* 518 (98 S. E. 557), and cases cited.

2. The 2d ground of the amendment to the motion for a new trial complains that "the court erred in curtailing the cross-examination of Mr. Cooper (counsel for plaintiff in error) when he was cross-examining the main witness, Miss Redding." The

record shows that the court was justified each time that he interrupted counsel, and that he did nothing to "curtail the cross-examination." The direct evidence of this witness covers about three and a half pages only of the record, while the cross-examination covers nearly twice as much.

3. The 3d, 4th, 5th, and 6th grounds of the amendment to the motion for a new trial are based upon the refusal of the judge to charge that in order to convict the defendant of assault with intent to rape, the testimony of the woman, the alleged victim in the case, will not be sufficient alone, but must be corroborated by other witnesses. This was not error. In *Fields* v. *State, 2 Ga. App.* 41 (58 S. E. 327), this court held: "In the charge of assault with intent to rape, the credit to be attached to the testimony of the injured female is a matter wholly for the jury. If such witness is credible to the jury, corroboration of her testimony is unnecessary." See also *Scott* v. *State, 3 Ga. App.* 479 (60 S. E. 112).

4. The verdict is not without evidence to support it, and has the approval of the trial judge, and this court will not interfere with it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*