23248. HARRIS *v.* THE STATE.

DECIDED AUGUST 4, 1933.

*Norman DeKrasner, Sidney J. Goodman, George G. Finch,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

BROYLES, C. J. The defendant was convicted of robbery by intimidation—the offense charged. The evidence for the State (con-

tradicted only by the defendant's statement to the jury) showed that the accused made a free and voluntary confession of his guilt of holding up and robbing a storekeeper, and the confession was amply supported by proof of the corpus delicti and by other evidence. In fact it can fairly be said that the verdict was demanded by the evidence adduced on the trial; and it is stated in the brief of counsel for the accused that "the sole ground relied upon by plaintiff in error is the failure of the court to charge section 1062 of the Penal Code of Georgia, with relation to reducible offenses." It is well settled by numerous decisions of the Supreme Court and of this court that ordinarily it is reversible error for the judge to fail to charge the jury, on the trial of one charged with robbery, that in the event of conviction they could recommend, if they saw fit, that the defendant be punished as for a misdemeanor. However, there is an exception to the general rule. As pointed out by this court in *Daniel* v. *State,* 24 *Ga. App.* 557 (2) (101 S. E. 812), where it appears obvious from the punishment fixed in the verdict, and the other facts of the case, that the jury would not have recommended a misdemeanor punishment for the defendant even if the court had charged section 1062 of the Penal Code, the failure so to charge does not require a reversal of the judgment. Counsel for the plaintiff in error rely upon the ruling in *Thompson* v. *State,* 151 *Ga.* 328 (106 S. E. 278), where the Supreme Court reversed the judgment of this court. However, in that case the defendant was convicted of assault with intent to murder, and the jury fixed his punishment at "not less than two nor more than two years,"— the minimum sentence that could have been given, whereas they could have prescribed a sentence of ten years. It clearly appears from those facts that the jury in that case were inclined to be as lenient as possible with the accused, and that it was probable, if the court had charged the reducible-offense act, they would have recommended a misdemeanor punishment. Therefore, the ruling in that case is not in conflict with our ruling in the *Daniel* case, supra, or controlling in the instant case. As tending to show this, the ruling of this court in the *Daniel* case (which was clearly set forth therein) was excepted to by the plaintiff in error, but *the application for certiorari was denied by the Supreme Court.* See statement by the reporter of this court in 24 *Ga. App.* 557. The facts in the *Daniel* case and in the instant case, so far as concerns

the question under consideration, are identical, and the ruling in the *Daniel* case is controlling in this case. While the Supreme Court, in some of its decisions on this question, has used language broad enough to cover the facts of the instant case, such language was not necessary for a decision in any of the cases, and, of course, the unnecessary portion of such rulings was mere obiter dictum and not binding upon this court. There is no decision of the Supreme Court which holds that under facts similar to those in the *Daniel* case and in this case, it is reversible error for the court to fail to charge the provisions of section 1062 of the Penal Code.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*