## 27023. McHENRY v. THE STATE.

DECIDED OCTOBER 5, 1938.

*Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

GUERRY, J. The jury found the defendant guilty of robbery under each of the four counts contained in the indictment, fixed his punishment under each count at not less than five nor more than seven years, and found further that "all above sentences to be served consecutively, and not concurrently." In this court the defendant expressly abandons the general grounds of the motion for new trial, and all special grounds except ground 4, which complains of the failure of the court to charge the jury, without request, that robbery was a reducible felony, and that it was their privilege to recommend that the defendant be punished as for a misdemeanor. We will consider the case without reference to the act of 1937 (Ga. L. 1937, p. 490), the case having been tried, and counsel for both parties having presented the case here; without reference thereto. "Robbery by open force or violence shall be punished by imprisonment and labor in the penitentiary for not less than four years nor more than twenty years." Code, § 26-2502. "Robbery by intimidation, or without using force and violence, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than twenty years." § 26-2503. "All felonies, except treason, insurrection, murder, manslaughter, assault with intent to rape, rape, sodomy, foeticide, mayhem, seduction, arson, burning railroad bridges, train wrecking, destroying, injuring, or obstructing railroads, perjury,

false swearing, and subornation of perjury, or false swearing, shall be punished by imprisonment and labor in the penitentiary for the terms set forth in the several sections in this Code prescribing the punishment of such offenses; but on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as misdemeanors. If the judge trying the case sees proper, he may, in fixing the punishment, reduce such felonies to misdemeanors." § 27-2501. Robbery is a reducible felony under this section. It is true that as a general rule in such a case the judge should instruct the jury that they may recommend that the defendant be punished as for a misdemeanor (*Taylor* v. *State*, 14 *Ga. App.* 492, 81 S. E. 372; *Frazier* v. *State*, 15 *Ga. App.* 365, 83 S. E. 273) ; however, the failure of the judge so to charge was not reversible error in the present case; for it is apparent from the verdict that the jury would have ignored this right even if they had been so instructed.

Counsel for the defendant states in his brief that the evidence authorized a conviction on count 1 for robbery by force, and on the three remaining counts for robbery by intimidation. Accepting this as true, as to count 1 the jury were authorized to punish the defendant by imprisonment and labor in the penitentiary for not less than four years, and not more than twenty years; as to the other counts, for not less than two and not more than twenty years. Upon each count the jury directed that the defendant serve from five to seven years; and further provided, although they were not so charged, that the sentences were to run consecutively. As to none of the counts did the jury see fit to exercise their right to give the defendant the minimum sentence as given them in charge. What right have we to say, and upon what logic would we proceed, in holding that in such a case, if the jury had been informed that they could recommend the defendant to be punished as for a misdemeanor, they might have done so? If by their verdict it affirmatively appears that they would not have done so, then the failure of the judge to so charge can not require a new trial. A recommendation by a jury, in the trial of a felony, that the defendant be punished as for a misdemeanor would result only where, though they be satisfied of the defendant's guilt beyond a reasonable doubt, yet, by reason of some

fact or circumstance of the case, they desired to be as merciful in the punishment of the offender as the law permits. However, the verdict in the present case speaks too plainly for there to be any doubt that the jury were not inclined towards mercy to the defendant; and that if they had been charged as specified, it would not have influenced their verdict in favor of the defendant. This principle was announced in *Daniel* v. *State,* 24 *Ga. App.* 557 (2) (101 S. E. 812), as follows: "Conceding, but not deciding, that the court erred in refusing to charge section 1062 of the Penal Code of 1910, and in failing to instruct the jury that if they found the defendant guilty of burglary they had a right to recommend that he be punished as for a misdemeanor, this error was evidently harmless, since the jury in their verdict (under the indeterminate-sentence act approved August 18, 1919, Ga. L. 1919, p. 387) fixed the minimum punishment of the defendant at ten years in the penitentiary, when they could have fixed it at one year only. This verdict clearly shows that even if the requested charge had been given, the jury would not have recommended a misdemeanor punishment for the defendant." This case was followed in *Harris* v. *State,* 47 *Ga. App.* 320 (170 S. E. 332), where the defendant was charged with robbery by intimidation, and the jury gave him a minimum sentence of five years.

The cases of *Harris* v. *State,* 150 *Ga.* 680 (104 S. E. 902), *Moore* v. *State,* 26 *Ga. App.* 21 (105 S. E. 621), *Johnson* v. *State,* 100 *Ga.* 78 (25 S. E. 940), *Taylor* v. *State,* 110 *Ga.* 151 (10) (36 S. E. 161), and *Glover* v. *State,* 7 *Ga. App.* 628 (3) (67 S. E. 687), are clearly distinguishable from the present case. The *Johnson, Taylor* and *Glover* cases were all tried before the indeterminate-sentence act was passed, and the verdict in each case was simply one of "guilty." In the *Harris* case, as appears from the record and the certified question, the defendant, as in *Thompson* v. *State,* 151 *Ga.* 328 (106 S. E. 278), s. c. 25 *Ga. App.* 483 (103 S. E. 731), was actually given the minimum sentence provided for the offense charged. From what we have said we are of the opinion that the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

MacIntyre, J., concurring specially. I concur because I am bound by the decision in *Daniel* v. *State,* 24 *Ga. App.* 557 (101

S. E. 812), and others in this court, which have since followed the rule therein announced. See *Thompson* v. *State,* 151 *Ga.* 328 (106 S. E. 278).