## 27304. TAYLOR *v*. THE STATE.

DECIDED JANUARY 27, 1939.

*S. W. Fariss,* for plaintiff in error.

*J. Ralph Rosser, solicitor-general, J. Sante Crawford,* contra.

MacINTYRE, J. ■ The judge, on the subject of flight, with the exception of the words in brackets, charged as follows: "Some evidence has been offered, gentlemen, on the issue as to flight. In that connection I charge you that you may consider flight, if any, and similar acts, if proven, from which an inference [of consciousness] of guilt [may be drawn], may be considered by the jury; but flight, if any, is subject to explanation. The weight to be given to it or whether the jury will draw [an inference of] a consciousness of guilt or not, is for the jury. It is for the jury to determine whether the flight of the defendant, if any such has been proven, was due to a sense of guilt, or for other reasons, and if for

other reasons, no inference hurtful to the defendant should be drawn." If the words inserted in brackets above had been used in the charge, it would have been in effect and almost in the very words of Cann's Requests to Charge in Civil and Criminal Cases, §§ 595, 596, 597. Relative to the exception taken, this charge on flight, as given in Cann, supra, is amply supported by Georgia authority. *Grant* v. *State,* 122 *Ga.* 740, 742 (50 S. E. 946) ; *Hunter* v. *State,* 43 *Ga.* 483 (3) ; *Sewell* v. *State,* 76 *Ga.* 836; *Wayne* v. *State,* 56 *Ga.* 114; *Thomas* v. *State,* 129 *Ga.* 419 (5) (59 S. E. 246) ; *Jones* v. *State,* 123 *Ga.* 129 (4) ; *Hudson* v. *State,* 101 *Ga.* 520 (28 S. E. 1010) ; *Hall* v. *State,* 7 *Ga. App.* 115, 121 (66 S. E. 390). The exception to this charge is that the judge committed reversible error in that he instructed the jury, "The weight to be given to it [flight] or whether the jury will draw a consciousness of guilt or not, is for the jury," when, under our law, "if there had been any evidence to support or authorize a charge by the court on the subject of flight at all, the 'consciousness of guilt,' as embodied in said charge, is consciousness on the part of the defendant, conscious guilt on the part of the defendant inspiring flight, and not any consciousness of guilt a jury may draw [from the flight of the defendant] as given in charge by the court." When the court's charge respecting the issue of flight is considered as a whole, it in all essential particulars conforms to the law of this State. While it might have been more accurate to have inserted in the charge the words shown in the brackets above, we think their omission was a mere lapsus linguæ and that, relative to the exception taken, it is plain that the jury could not have been misled.

■ The part of the charge complained of in special grounds 2 and 3, taken alone, might have seemed objectionable, but when taken in connection with the entire charge the excerpts are not subject to the criticism made. *Western & Atlantic R. Co.* v. *Tate,* 129 *Ga.* 526 (6) (59 S. E. 266). In all essential particulars the instructions here given on the subject of proof of intent to kill (intent being a necessary ingredient of the offense of an assault with intent to murder), were sufficient. We think these exceptions are controlled adversely to the plaintiff in error by the case of *Woodard* v. *State,* 52 *Ga. App.* 70 (182 S. E. 198). See also *Caudle* v. *State,* 7 *Ga. App.* 848 (68 S. E. 343).

■ With reference to the position of the prosecutor's hands, and

as to whether the prosecutor was across the road walking toward .the defendant, the prosecutor was asked at least a half-dozen questions on cross-examination and answered them. Then, on redirect examination, the prosecutor was again asked a question with reference thereto and again answered. Then, on recross-examination, the defendant's counsel again asked and the prosecutor answered another question with reference thereto. Contending that these answers contained discrepancies, counsel for the defendant asked .the prosecutor to explain these alleged discrepancies. Thereupon the court stated: "I am not going to let him answer that any more." If seven questions and seven answers on cross and recross-examination did not disclose whether the prosecutor was standing still or moving toward the defendant when he was shot, how many more times was the court to be forced to allow the examination to proceed along this line? "The trial judge has a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a reviewing court unless it is abused. *Fouraker* v. *State,* 4 *Ga. App.* 692 (3) (62 S. E. 116)." *Fields* v. *State,* 46 *Ga. App.* 287 (3) (167 S. E. 337). We can not say, as urged by plaintiff in error in special ground 4, that the judge in interrupting the cross-examination of the prosecutor was abusing his discretion. *Manning* v. *State,* 28 *Ga. App.* 241 (110 S. E. 747); *Hamlin* v. *State,* 27 *Ga. App.* 633 (2) (110 S. E. 421).

■ On the trial of the case the following occurred: The court: "Did he say he was going over there or was stopped when he was shot?" A. "After he was on his way over there." The court: "Did you answer him that at the time he was shot he was stopped?" A. "That is what I mean, but I am talking about in the whole motion of going over there and stopping and holding out his hand, that is when the gun was fired." Mr. Crawford (the solicitor's assistant): "And he was stopped at that time?" Mr. Fariss: "I object to his putting words in the witness's mouth." The court: "I think he said that." The defendant contends in special ground 5 that the statement of the court, "I think he said that," was an expression of an opinion. With this we can not agree. The ground is not meritorious.

■ The sheriff testified that upon the issuance of a bench warrant in this case that he repeatedly made search for the defendant

in the county where the crime was alleged to have been committed and was unable to find him, and that he later located him in Chicago, Illinois. The defendant thereafter introduced a witness, Evans, who knew the defendant well and who testified that "Frederick Taylor [the defendant] had been to Chicago several times during his life; he has gone off somewhere, I don't know what for, but they would say he did [he had gone to school]." The court ruled out this evidence upon the objection of the solicitor that the defendant's going to Chicago before the commission of the alleged crime was irrelevant, but the court thereupon stated that the defendant could go into the question of any trip he made to Chicago after the commission of the crime, tell why such trip was made, and thus explain what the State contended was flight. The defendant excepted in special ground 6 to this ruling on the ground that the evidence was relevant to explain the defendant's presence in Chicago at the time of his arrest. We do not think the judge, under the facts in this case, committed reversible error in so ruling. We do not, however, intend to here rule that when the State charges the defendant with "flight" that the defendant, under any and all circumstances, would be precluded from showing why he made certain trips before the time of the commission of the alleged crime. The same exceptions were taken to the testimony of E. L. Randall in special ground 7, and are controlled adversely to the defendant by our ruling on special ground 6.

■ Special ground 8 is in principle controlled adversely to the defendant by the ruling of our Supreme Court in the case of *Hurt* v. *State,* supra.

■ The evidence warranted the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*