28714. MANNERS, *alias* DUKE, *v.* THE STATE.

DECIDED FEBRUARY 6, 1941.

*Venable, Dantone & Fountain,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

BROYLES, C. J. Robert A. Manners, alias R. R. Duke, alias Kay Norman, was indicted for the offense of burglary. The indictment contained three counts. The jury found him guilty on counts 1 and 2, and acquitted him on count 3. The motion for new trial was overruled, and exceptions were taken to that judgment. Special

ground 1 alleges that when a silver pencil, which had been identified by a witness as his stolen pencil and which was found in the defendant's possession after the burglary, was offered in evidence, the evidence was objected to on the ground that "there is no evidence showing directly that this defendant ever had that pencil in his possession, it being irrelevant, immaterial and highly prejudicial." The following colloquy then occurred: The court: "Your contention is that there is no evidence that this [pencil] was ever in the possession of the defendant?" Counsel: "Yes, sir." The court: "The evidence was it was in his car, he admitted it was in his car, in his baggage. I admit it [the pencil, in evidence]." The ground assigns as error the admission in evidence of the pencil, and also alleges that the statement of the judge was an expression or intimation of his opinion upon the facts of the case. The evidence demanded a finding by the jury that the pencil in question was found in one of the bags of the defendant in his locked automobile. And the defendant in his statement to the jury said: "The bags, the socks, the handkerchiefs, everything in these bags are mine." The pencil was properly admitted in evidence, and we see no reversible error in the statement of the court. The undisputed evidence and the defendant's statement to the jury authorized the court's statement, which was not made in its charge to the jury. but in a colloquy between the court and the defendant's counsel over an objection to the evidence; and remarks addressed to counsel in a colloquy between the court and counsel are not usually ground for a new trial. "Where the solicitor-general asked the State's witness if he had not previously testified to a certain fact, and defendant's counsel objected to the question on the ground that it was leading, and the judge stated, 'I think he said that;' *Held:* This was not an expression of an opinion by the trial judge such as would require the grant of a new trial." *Taylor* v. *State,* 59 *Ga. App.* 396 (4) (1 S. E. 2d, 52). See also *Moore* v. *McAfee,* 151 *Ga.* 270 (11) (106 S. E. 274); *Armstrong* v. *State,* 181 *Ga.* 538 (2), 539, 540 (183 S. E. 67).

The second special ground alleges that the admission of the pencil in evidence was error because the evidence disclosed that it had been obtained without a search warrant and by an unlawful search and seizure of the defendant's automobile. Under the ruling in *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893), the evi-

dence was admissible, notwithstanding the article was "discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures." Under the foregoing rulings, the remaining special ground is without merit. The verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*