31972. MORGAN *v.* THE STATE.

DECIDED MAY 22, 1948. REHEARING DENIED JULY 26, 1948.

*M. G. Hicks, J. L. Wallace,* for plaintiff in error.
*E. J. Clower, Solicitor-General,* contra.

MacINTYRE, P. J. The defendant, J. T. Morgan, here assigns error on the overruling of his motion for a new trial. He was convicted on an indictment containing three counts: First, for forging a check, dated November 11, 1946, drawn on the Rome Bank and Trust Company, payable to the order of "Order of Cash" for $15, and purporting to be signed by W. P. Morgan; second, for uttering, publishing and passing the same; and third, for possessing the same. The jury returned a verdict of guilty on each count. There is no assignment of error on other than the general grounds.

Two checks were introduced in evidence, both being given on the same date, drawn on the same bank, and made out for the same amount. The evidence shows that the defendant came to Mrs. Roy Horton with the check set out in the indictment, written in pencil, payable to "Cash" for $15, and purporting to be signed by W. P. Morgan, the defendant's father; and that when the defendant asked Mrs. Horton to cash this check she did so, relying upon his representation that it was his father's check given to him for work done by him for his father. However, W. P. Morgan testified that he did not sign this check.

About an hour and a half later, after Mrs. Horton had cashed this first check, the defendant approached her again and requested that she cash another check for him. At this time he stated to her that he had authority to sign his father's name, W. P. Morgan, to checks; and she offered him a blank check on the National City Bank [the testimony of the defendant's father showing that this was the only bank in which he had an account, and that the defendant did have authority to draw checks on this bank by signing his father's name]. The defendant refused this blank check, however, and drew from his pocket a blank check on the Rome Bank and Trust Company. In the presence of Mrs. Horton with a pen furnished by her, the defendant drew the second check in ink, payable to himself for $15, and signed his father's name. Mrs. Horton cashed this check relying upon the representation of the defendant that he had authority to sign his father's name.

Even if it could be said that the evidence is somewhat weak, after a verdict of guilty, in passing on the motion for a new trial that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict. *Johnson* v. *State*, 69 *Ga. App.* 663 (2) (26 S. E. 2d, 482). The evidence, when so construed, authorized the verdict of guilty of forging, uttering and possessing the particular check alleged in the indictment, payable to "Cash" for $15, which was the first check cashed by Mrs. Horton for the defendant. The second check, payable to the defendant himself for $15, was not alleged in this indictment but was introduced in evidence for the purpose of establishing guilty intent.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*