37959.  BOBO *v.* THE STATE.

TOWNSEND, Judge.  1.  Circumstantial evidence is that which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed.  Code § 38-102.  In criminal cases, in order to sustain conviction, it shall be such as to exclude every other reasonable hypothesis save that of the guilt of the accused.  Code § 38-109.  "It is not necessary  .  .  .  in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses.  *Wrisper* v. *State,* 193 *Ga.* 157, 164 (17 S. E. 2d 714)."  *Dunson* v. *State,* 202 *Ga.* 515, 521 (43 S. E. 2d 504).  A mere possibility within the bounds of remote conjecture is not sufficient to invalidate the verdict.

2.  The evidence in this case is undisputed that certain law enforcement officers, armed with a search warrant, searched the defendant's home; that they removed an electrical socket from the wall and behind it saw the tops of three pipes; that they pumped air down one of the pipes and 42 gallons of whisky were thereby ejected from the other pipes; that the pipes were embedded in the wall and appeared to lead down under a concrete floor where presumably there was a storage container holding the liquor which was recovered by the officers; that they did not investigate the storage container because to do so would have involved destroying the walls and floor as well as the concrete subfloor of the house.  They were accordingly unable to swear from their own investigation that there actually existed a storage container under the concrete which had tax stamps affixed thereon, or which did not have tax stamps affixed thereon.  The general grounds, as well as special grounds 1, 2 and 3 of the amended motion for new trial, are directed to the point that the verdict is not sustainable because there is no proof that such container did not have tax stamps, the accusation alleging that the defendant was guilty of possessing whisky not having such stamps affixed to the bottle and container thereof.  We agree that it is incumbent upon the State to prove every material allegation of the accusation.  We agree that a statement that a fact exists, not founded on direct evidence, where the known

facts are consistent with the hypothesis that such fact does not exist, is merely a conclusion without probative value. See *Harley* v. *Life & Cas. Ins. Co. of Tenn.*, 40 *Ga. App.* 171, 172 (149 S. E. 76). But, as stated in *Dunson* v. *State*, 202 *Ga.* 515, supra, where the hypothesis consistent with innocence is so far fetched and improbable as to be at most not more than a bare possibility within the realm of conjecture this rule does not apply. Since sales to purchasers of more than two quarts of liquor per day would be unlawful under Code (Ann.) § 58-1080, no purchaser could legally obtain a container holding 42 gallons of liquor. Assuming that a container of such size might exist, and might under Code (Ann.) § 58-1051 be properly stamped and the taxes paid by a manufacturer or wholesaler before shipment to a retailer, such container could only be legally located in a State warehouse operated under Code (Ann.) § 58-1013. With the strict surveillance required under Code Ch. 58-10 on the manufacture and storage of liquor by manufacturers and wholesalers it is difficult to conceive how the defendant could have acquired it. Such acquisition, if accomplished, would still be a misdemeanor under Code Ch. 58-10 but not the one charged in the accusation. We are thus invited to reverse the conviction of this defendant on the remote conjecture that he may have been violating the provisions of the act in a way other than that charged in the accusation, which violation under all of the evidence relating to the storage of this liquor, appears extremely improbable if not physically impossible. It is accordingly not such a *reasonable* hypothesis as to demand a reversal based upon circumstantial evidence. The general grounds and the first three special grounds of the motion for new trial are without merit.

3. It was not cause for a mistrial that the counsel for the State, in his argument to the jury, referred to "the defendant and these bootleggers." The context of the statement is not shown in the motion or in the fourth special ground assigning error on the court's failure to grant a mistrial. We cannot tell from examination of it what bootleggers were referred to, although we might conclude that the solicitor had sought to contend that the defendant's equipment warranted a conclusion that he consorted or otherwise trafficked with bootleggers. "Counsel are allowed the largest liberty in the argument of cases

before juries, and whether the argument be logical or illogical, or whether the inferences and deductions drawn by them are correct or not, this court will have no power to intervene." *Inman* v. *State,* 72 *Ga.* 269, 278. This special ground is without merit.

4. Special ground 5 assigns error on an excerpt from the charge as follows: "The jury is not responsible for the consequences of its verdict. The jury is responsible for the truth of its verdict" on the grounds that it was misleading, confusing, argumentative, and in effect held that the jury would be accountable unless it came up with a true verdict. The word *verdict,* as is frequently pointed out, means "to speak the truth", this being the responsibility that every member of that body has sworn to fulfill. The consequences of the verdict, so far as the defendant is concerned, are incorporated in the judgment or sentence of the court, and with this the jury is not concerned. The statement was in no wise improper for any reason assigned.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 21, 1959—REHEARING DENIED
NOVEMBER 10, 1959.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for plaintiff in error.
*Chastine Parker, Solicitor-General,* contra.