## 48607. WOODRING v. THE STATE.

Evans, Judge. The defendant was indicted and tried for murder. He was convicted of voluntary manslaughter and sentenced to serve 20 years. The defendant appeals. *Held:*

1. The indictment shows 23 grand jurors were sworn, chosen and selected, and that five names were marked through, one of which was the foreman. The words "assistant foreman" were written opposite the name of another grand juror. No evidence was introduced to show when the five names were marked through, and we do not know whether these were disqualified grand jurors for some particular case, or whether they did not serve at all as grand jurors after being marked off. If the entire panel of twenty-three grand jurors considered and returned an indictment in the case against defendant, or if defendant's case was not considered until five had been marked off, neither circumstance would invalidate the indictment. The burden is on the appellant to show harmful error. But an indictment may be lawfully returned by a grand jury comprised of not more than 23 and not less than 16. Code Ann. § 59-202 (Ga. L. 1967, pp. 590, 591).

2. It is contended that the indictment is not perfect in form in that it cannot be determined whether defendant alone is indicted, or whether one L. C. Harrison, Jr. is indicted jointly with him. A cursory inspection of the indictment shows there is no merit in this contention. It appears that L. C. Harrison, Jr. is the last name on the list of grand jurors on the indictment in this case, but his name is so far down that it almost reached the line where the name of "Raymond Woodring," defendant, appears. But the name of L. C. Harrison, Jr. is clearly marked through, and in this case was neither a grand juror nor a defendant.

3. The language of the indictment in the last paragraph is as follows: ". . . do say that the accused him the said victim . . . unlawfully, feloniously, wilfully and of his malice aforethought did kill and murder . . ." But this language is mere surplusage and is repetitious, because a proper charge appears earlier in the indictment in this language, to wit: ". . . did then and there, unlawfully, feloniously, wilfully, of his malice forethought, and with force and arms, kill and murder one Vernon Fowler (herein referred to as victim), a human being, by hitting, striking and beating said victim with a certain hammer which said accused then and there held, and giving to said victim, then and there, a mortal wound, of which said mortal wound said victim died."

4. The words "special presentment" on the front of the indictment were stricken or marked through and defendant contends it was unclear as to whether it was an indictment or special presentment. As the words "special presentment" were marked through, no room for confusion exists, and it is clear that the bill was an indictment.

5. Defendant files numerous complaints because the human skull of the deceased was introduced in evidence, displayed in front of the jury, allowed to be taken to the jury room, and because a picture showing the locality where the skull was found was also allowed in evidence. After moving to exclude this evidence, defendant filed a motion for mistrial respecting the use of the skull. Here, because of the disintegration of the human body and the need of expert opinion and other circumstantial evidence to prove the corpus delicti, it was proper that the above evidence be admitted. While, as contended by the defendant, it was indeed inflammatory, and of course, the defendant does not desire to be faced with the results of the crime, as a dramatic illustration of what occurred, none of the grounds of complaint is meritorious. See in this connection *Bryan v. State,* 206 Ga. 73, 75 (55 SE2d

574); *Biegun v. State,* 206 Ga. 618 (58 SE2d 149).

Defendant contends that he offered to stipulate sufficient facts to relieve the state of the necessity of introducing this character of evidence. A party cannot, by waiver, prohibit the opposing party from introducing proper evidence. *Watkins v. State,* 199 Ga. 81 (3a), and at p. 87 (33 SE2d 325).

6. The trial judge instructed the jury that they return a verdict into court that speaks the truth as they found the truth to be, and that the jury is responsible for the truth of its verdict. There is no merit in this complaint. The charge is based on the legal maxim that the objective of all legal inquiry is the discovery of the truth. See *Bobo v. State,* 100 Ga. App. 643, 645 (4) (112 SE2d 205).

7. The evidence shows that defendant was involved in a fight with the deceased, who had pulled a knife out of his pocket while arguing with defendant's brother. This evidence is sufficient to authorize a charge on conspiracy, particularly since it later appears that all three brothers carried the body of the deceased to a dead-end road and put it in a shed. There is no merit in this complaint. The judgment must be affirmed.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

Submitted September 17, 1973 — Decided November 16, 1973.

*Smith & Millikan, Troy R. Millikan,* for appellant.
*Jeff C. Wayne, District Attorney, Roland Stroberg,* for appellee.