## 49051. YOUNG v. THE STATE.

CLARK, Judge.

This appeal is by a defendant from a burglary conviction in which defendant was one of three co-defendants. Appellant was tried separately from his co-indictees. His appeal is from the overruling of a new trial motion as amended. The enumerations of error are based upon the general grounds and several special grounds with which we will deal in the opinion.

1. The general grounds have no merit. The jury chose to believe the witnesses presented by the state and placed no credibility in the explanation given by

defendant. As was said in *Mitchem v. State,* 53 Ga. App. 280, 281 (185 SE 367), "[T]he general rule [is] that when evidence is contradictory the jury may believe the evidence which they think is most entitled to belief. *Ford v. State,* 92 Ga. 459, 461 (17 SE 667)."

"After a verdict of guilty, in passing on the motion for a new trial that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict." *Morgan v. State,* 77 Ga. App. 516, 517 (48 SE2d 681); *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683).

The evidence contained in the transcript supports a conviction for burglary as defined in Code Ann. § 26-1601.

2. The defendant contends the trial judge erred in not permitting defendant to ask jurors on voir dire: "Would you expect one accused of burglary and entering a plea of not guilty to make an explanation to the jury?"

"In examining a prospective juror, counsel for the accused should not ask technical legal questions in regard to the presumption of innocence, but should confine his questions to those which may illustrate any prejudice of the juror against the accused, or any interest of the juror in the cause. The question was not a proper one, and the judge did not abuse his discretion in sustaining the objection to it." *McNeal v. State,* 228 Ga. 633, 636 (187 SE2d 271). See also *Hill v. State,* 221 Ga. 65 (5) (142 SE2d 909). The trial judge properly ruled out this question. Accordingly, defendant's enumerations of error numbers 1 and 2 are without merit.

3. Defendant's fifth enumeration of error argues that the trial judge erred in not granting defendant's motion for mistrial where the trial judge at one point in his charge inadvertently stated that *defendant* contends that this defendant is guilty of the offense of burglary instead of the *state* contends.

Upon objection the trial judge recalled the jury and recharged as follows: "It was suggested to the court by one of the lawyers that at some point in the charge I may have said the defendant contends he was guilty, and if I made any such statement I don't recall it but if I did it was purely a slip of the tongue. I am sure I made it abundantly clear that the defendant contends he is not

guilty of any offense and the state contends the defendant is guilty and what the truth is, of course, you must determine in the light of all that has gone before and all that you have been told by the court." (T. 103).

"A verbal inaccuracy occurring in a charge, and immediately thereafter corrected, furnishes no ground for a new trial." *Robinson v. State,* 129 Ga. 336 (58 SE 842). See also *Carr v. State,* 4 Ga. App. 332 (3) (61 SE 293); *Perdue v. State,* 135 Ga. 277 (69 SE 184); *Harris v. State,* 191 Ga. 243, 259 (12 SE2d 64). The trial judge correctly denied the motion for mistrial.

4. Additional assignments of error attack those portions of the trial court's charge dealing with the elements of flight and on recent possession of stolen goods. The charge on flight is substantially the same as that approved by this court in *Smith v. State,* 43 Ga. App. 353 (158 SE 770) and *Taylor v. State,* 59 Ga. App. 396 (1 SE2d 52). The court's instruction on recent possession of stolen goods is in the language approved in *Aiken v. State,* 226 Ga. 840, 843, 844 (2) (178 SE2d 202). Accordingly, these enumerations of error are without merit.

5. Similarly there is no merit in the assignment objecting to that instruction which stated: "You consider this case in the light of all the facts and circumstances as produced before you and determine what you believe to be a true and just verdict in the case." In *Hamilton v. State,* 131 Ga. App. 69, this division held there was no error in the court pointing out that the object of all legal investigations is the discovery of the truth and in instructing that the jury had the duty to return "a verdict that will do justice and one that will speak the truth." See citations therein and also *Woodring v. State,* 130 Ga. App. 247 (202 SE2d 696).

6. While the jury was considering the guilty-innocence phase of the bifurcated trial they returned to the courtroom and submitted questions. One of these was from the foreman who stated, "Is there any way—is it admissible for us to ask if Mr. Young is employed and if so what does he do?" To this the judge answered, "At this time the court cannot answer that either, sir, and actually you should make a decision on the question before you based on all that you have heard

here during the trial. I am sure there will be some things that you haven't heard but at this point the court cannot give you any additional evidence." (T. 105). Appellant argues this language contained an intimation that the court had certain information which could not be divulged at that time but would be revealed after a verdict of guilty had been returned. We find no such intimation in this language. The question concerning defendant's employment was of no relevancy to the charge of burglary. The court was correct in directing the jurors to consider only the evidence that had been presented during the trial.

7. Since the evidence supports the conviction on the general grounds and the specific grounds for a new trial are without merit, this judgment is affirmed.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 4, 1974 — DECIDED APRIL 2, 1974.

*Stanley H. Nylen,* for appellant.
*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Morris H. Rosenberg,* for appellee.