## 42429. ECHOLS v. THE STATE.
(338 SE2d 259)

HILL, Chief Justice.

Raymond Echols was convicted by a jury of the murder of Richard Bailey and sentenced to life imprisonment.[1] He brings this appeal.

The evidence in this case supports the verdict. It is, in fact, overwhelming. The defendant and the victim had had a minor altercation earlier in the day. Later, two eyewitnesses were watching the kneeling victim shoot craps on the kitchen floor. The defendant appeared suddenly and shot the victim five times without warning. The witnesses knew the defendant personally. Their testimony was corroborated by another person in the living room who knew the defendant and saw him come into the house without knocking before the shooting.

The defendant confessed to police and showed them where the murder weapon was. Ballistics tests and the pathologist confirmed that it was the weapon which caused the victim's death. The jury rejected the defendant's claim of self-defense. Reviewing the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact certainly could have found the defendant

---

[1] The defendant was found guilty on November 15, 1984. The transcript was filed on December 7, 1984. The motion for new trial was overruled on April 29, 1985. Notice of appeal was filed on May 6, 1985, and the case was orally argued on September 11, 1985.

guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The defendant's sole enumeration of error is that the trial court erred in overruling his plea in abatement in which he urged that the indictment should be quashed because a qualified grand juror had been improperly excused. The facts concerning the excusal of the juror were brought out at a November 9, 1984, pretrial hearing on the plea in abatement.

The transcript of the hearing established that on November 5, 1984, 19 persons were sworn in to serve as the grand jury in Troup County. Among them was Jackie Wilson Hubbard. After Hubbard received his subpoena, he had called the superior court judge and asked if he could be excused because he had a bad back. The judge told him that he would have to appear. He did appear, was sworn in, and retired with the impaneled grand jury to elect a foreman and begin deliberations. At that point the district attorney asked the judge whether Hubbard was a convicted felon. The judge recalled that Hubbard had been convicted of a felony. Since convicted felons are not eligible to serve on a grand jury, OCGA § 15-12-60 (b) (2), the judge authorized the district attorney to excuse Hubbard. He suggested that the district attorney call him out, point out his ineligibility, and let him go quietly in order not to embarrass him.

The district attorney called Hubbard out of the grand jury room and asked him if he was a convicted felon. Hubbard answered that he was, but that he "thought" that he had been pardoned. (He had in fact been pardoned; thus his eligibility to serve had been restored. Id.) Hubbard also told the district attorney that he had called the judge the day before and asked to be excused, but he did not say on what ground. The district attorney asked Hubbard if he was the same Jackie Hubbard who had been a witness in a bombing case tried the preceding term, and if he had been questioned and possibly under investigation in that case. Hubbard answered in the affirmative. The DA then went back in the grand jury room, advised the foreman, and asked if Hubbard could be excused. He was then excused. The remaining 18 grand jurors returned the indictment against the defendant.

The trial court overruled the plea in abatement, on the ground that the grand jury which returned the indictment was legally constituted pursuant to OCGA § 15-12-61 (a), which provides: "A grand jury shall consist of not less than 16 nor more than 23 persons. The votes of at least 12 grand jurors shall be necessary to find a bill of indictment or to make a presentment."

The defendant argues strenuously and eloquently that the efficacy of the grand jury as an instrument to protect the liberty of the citizenry depends on its independence from the prosecutor. We do

not hesitate to agree. But we cannot agree that the facts of this case support a determination that the independence of the grand jury was affected by the action of the district attorney. Eighteen qualified persons served while only 16 were required by law, and at least 12 grand jurors voted to indict the defendant. OCGA § 15-12-61 (a), supra; see *Woodring v. State*, 130 Ga. App. 247 (1) (202 SE2d 696) (1973).

The summary exclusion of the grand juror at issue was improper. Had the proper procedure been followed, and the grand juror brought before the judge for questioning concerning his competency to serve when the district attorney learned that the juror thought he had been pardoned, this error no doubt would have been averted. But while the action of the district attorney was improper and we do not countenance it, the defendant has not established that it was done for an improper motive. Compare *United States v. Samango*, 607 F2d 877, 882 (9th Cir. 1979). We find no fundamental unfairness and no denial of due process of law. We conclude that the error was harmless beyond a reasonable doubt and is not cause to set the defendant's conviction aside in view of the overwhelming evidence of guilt.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1986.

*Gordy & Key, Timothy S. Minors,* for appellant.

*Arthur E. Mallory III, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.