#### 3797. BROWN v. THE STATE.

HILL, C. J. 1. On a criminal trial the judge cautioned the jury as to certain testimony which he had admitted in evidence, as follows: "The evidence of Mr. Killebrew as to certain statements made to him by James Brown can not be considered by you in determining the question of whether or not the defendant is guilty, but can only be considered by you for the purpose of determining whether or not the witness has been impeached." The following portion of this charge, viz.: "The evidence of Mr. Killebrew as to certain statements made to him by James Brown"—is not subject to the criticism that it was an expression or intimation of opinion by the court as to what had been testified in such case.

2. Where one is charged with a homicide, proof that the homicide as charged was actually committed by him must be clear and unequivocal. Yet this fact can be proved by circumstances, and by inferences reasonably deducible from the facts in evidence, as well as by direct testimony. In this case the evidence was clear that the accused struck the decedent a blow with a deadly weapon, and the jury were authorized, although there was no expert testimony and death did not result until several days thereafter, to find that the homicide was caused by the blow inflicted by the accused with the deadly instrument.

**3.** No other error, is assigned, and the verdict is supported by evidence.

*Judgment affirmed.*

DECIDED DECEMBER 19, 1911.

Conviction of manslaughter; from Glascock superior court—Judge Walker. September 28, 1911.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

