18900.  GRIGGS *v.* THE STATE.

DECIDED JUNE 12, 1928.

*R. R. Shropshire, J. O. Ewing,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

BLOODWORTH, J. The first headnote only will be enlarged upon. By rulings of this court it is settled that in passing upon a case the jury have a right to believe any part of the statement of the defendant and to disbelieve other parts thereof. *Smallwood* v. *State,* 17 *Ga. App.* 516 (2) (87 S. E. 761). If the jury believed that part of the statement of the accused in which he said that the deceased made an assault on him, and it does not appear that the deceased had any weapon, the statement of the defendant leaving this in doubt, and the jury believed that the defendant shot the deceased because of that assault or because he feared that the deceased would injure him, his wife, or his child, without regard to the extent of the injury, the law of voluntary manslaughter was involved, and it was not error for the judge so to instruct the jury. *Browning* v. *State,* 31 *Ga. App.* 150 (120 S. E. 649), and cit. In *Dennis* v. *State,* 93 *Ga.* 303 (20 S. E. 315), the headnote is as follows: "As the evidence in behalf of the accused, if true, showed that an actual assault was committed upon him by the deceased, and that the homicide took place whilst that assault was in progress, the law of voluntary manslaughter was involved in the case, and it was not error to give it in charge to the jury." In connection with that case the following facts are stated: "There was testimony for defendant that deceased was assaulting him with his knife, and was advancing towards him at the time as he stood in the door of his own house, and that he suddenly seized a shotgun from the inside of the house and fired on deceased as the latter advanced." In *Sinyard* v. *State,* 17 *Ga. App.* 285 (86 S. E. 657), this court said: "Even under the statement of the defendant himself, the jury were authorized to find that the homicide was committed in repelling a mere assault, and the law of manslaughter was applicable." "It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement.

that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Crawford* v. *State,* 12 *Ga.* 142 (6); *Jackson* v. *State,* 76 *Ga.* 473; *Wayne* v. *State,* 56 *Ga.* 113; *Bell* v. *Stale,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148); *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540)." *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069). In *Griffin* v. *State,* 18 *Ga. App.* 462 (89 S. E. 537), it was said: "If there be any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both these offenses should be given." And also, "if there is anything deducible from the evidence or from the defendant's statement at the trial, that would *tend to show* manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter."

The propositions of law and the facts in the case of *Chestnut* v. *State,* 112 *Ga.* 367 (37 S. E. 384), are so closely analogous to those in the case under consideration, that we quote a part of the 4th headnote and liberally from the opinion in that case, feeling that to do so will be helpful in emphasizing the law as applied to the facts of the case now under consideration. "When the defense to an indictment for murder was that the accused did the killing under the fears of a reasonable man that a felony was about to be committed upon him, and his own statement at the trial left it open to question whether the alleged assault upon him therein set up as the ground of that fear was, as the same appeared to him at the time of the homicide, felonious or of a less serious nature, and when, in view of all the evidence and the statement, the jury would have been warranted in finding that the accused did not really entertain any such fear, but that there was a minor assault upon him sufficient to justify the excitement of passion, it was not erroneous to charge upon the law of voluntary manslaughter." "Where one kills to prevent a mere assault, the slayer is guilty, under our law, of voluntary manslaughter. Under this statement of the accused, whether the deceased in fact had in his hand a deadly weapon when he advanced upon the accused is left in doubt. If he did have a deadly weapon and advanced upon the accused with a threat, and the circumstances indicated a present intention to use the same, then the jury might well have found that the accused entertained the fears

of a reasonable man that the deceased intended to commit a felony upon him. But if in fact the deceased did not have a deadly weapon when he advanced, then the jury might well have found that the alleged fear was not reasonable or well founded, or that no such fear really existed at all; and in either of these events the homicide was not justifiable. So that the question whether the deceased was armed with a deadly weapon or not, at the time the accused says that he advanced upon him, becomes material. The manner of the advance, as well as the weapon with which the deceased was armed, would be circumstances which indicated his intention; and if in fact he had no weapon at the time and there was no such fear, or, if there was, there were no reasonable circumstances to authorize it, then, while the advance might well have been considered the equivalent of an assault, it could not have been more; and if an assault, then the slaying of the deceased to prevent that assault would have been voluntary manslaughter. So that, under the statement of the accused himself, it was left in doubt whether or not, at the time the deceased advanced upon him, the accused shot him to prevent the commission of a felony or to repel a bare assault; and even under the statement, it was proper for the judge to instruct the jury, as he did, the law in relation to justifiable homicide under the fears of a reasonable man that a felony was about to be committed on his person; and in view of the other contingency, that is, that it was not a dirk or other weapon which the deceased had in his hand, it could not have been error for the judge to instruct the jury as to the law of voluntary manslaughter, so that they might grade the homicide according to their belief, from the evidence and the statement, whether the killing was done under reasonable fears, to prevent the commission of a felony, or to repel an assault. This is what he did, and in doing so, in our judgment, he committed no error."

Judgment affirmed. Broyles, C. J., and Luke, J., concur.