## 21140. FRENCH *v.* THE STATE.

BROYLES, C. J. 1. Where one on trial for murder is convicted of voluntary manslaughter (such conviction being equivalent to an acquittal of the charge of murder: *Jordan* v. *State,* 22 *Ga.* 545 (9) ), the erroneous admission of illegal evidence tending to show that the homicide was murder is not cause for a new trial. *Pyle* v. *State,* 4 *Ga. App.* 811 (5), 817, 818 (62 S. E. 540). See also, in this connection, *Griggs* v. *State,* 38 *Ga. App.* 258 (2) (143 S. E. 608), and cit.

2. Special grounds 1 and 2 of the motion for a new trial in the instant case complain of the admission in evidence of certain hearsay testimony as to threats against the deceased, made by the defendant to a third person several days before the homicide, and as to the communication of such threats to the deceased, the communication being made by still another person, but who was the witness whose testimony is complained of in the two grounds. Conceding that the testimony was

hearsay and inadmissible on the defendant's trial for murder, the error in admitting it does not require a new trial, *since the defendant was convicted of voluntary manslaughter only.* Threats against the life of a person, made by his killer several days before the homicide, are evidence of premeditation and malice, and strongly tend to show that the killing was murder. If the defendant had been convicted of that offense, the erroneous admission of the testimony as to such threats would have constituted reversible error. However, the verdict being for voluntary manslaughter, it is evident that the jury gave no credence to the illegal testimony as to the threats, and, under the ruling in the preceding paragraph, the admission of the testimony was not prejudicial to the defendant and does not require the grant of a new trial.

3. "Where, on the trial of one for a criminal offense, it was shown that a witness for the State, who had testified on a former trial. and whose testimony had been taken down and preserved, was inaccessible and could not be found, and that diligent search had been made by a number of witnesses to locate her, it was not error to allow counsel for the State to read to the jury such testimony. *The question of inaccessibility of a witness is one for determination by the trial court in the exercise of a sound discretion.* (Italics ours)." *Sheppard* v. *State,* 167 *Ga.* 326 (3) (145 S. E. 654). And in such a case, the judgment of the trial court as to the inaccessibility of the witness "will not be reversed, unless a manifest abuse of discretion appears." *Robinson* v. *State,* 128 *Ga.* 254 (57 S. E. 315). Under the principle of the foregoing rulings and the facts of the instant case, special ground 3 of the motion for a new trial is without merit.

4. Special grounds 4, 5, 6, 7, and 8 of the motion for a new trial fail to show any error requiring the grant of a new trial.

5. The court did not err in instructing the jury upon the law of voluntary manslaughter. In view of certain portions of the defendant's statement to the jury, the charge on that subject was authorized. "It is well settled by numerous rulings of the Supreme Court and of this court that the law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that he was guilty of manslaughter, voluntary or involuntary, or which would be sufficient to raise a *doubt* as to whether the homicide was murder or manslaughter. *Reeves* v. *State,* 22 *Ga. App.* 629 (97 S. E. 115). It is likewise well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State,* 10 *Ga. App.* 50, 54, 55 (72 S. E. 537)." *May* v. *State,* 24 *Ga. App.* 379 (11), 382 (100 S. E. 797).

6. The verdict was amply authorized under the law and the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 31, 1931,

*Branch & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, J. W. LeCraw, John H. Hudson,* contra.