## 22775. FIELDS v. THE STATE.

HOOPER, J. 1. In a prosecution for abortion the prosecutrix testified: "As to whether I knew at that time how long I had been pregnant, I thought I knew, but I did not. I told him [the doctor] I was about two months pregnant. I thought it was about two months;" objection being made to the last-quoted sentence as being a conclusion. Under the facts of the case the admission of this evidence was not harmful to the defendant, as contended in special ground 4 of the motion for a new trial.

2. Whether or not a part of the testimony, the admission of which is complained of in special ground 5, might have been a conclusion of the witness, the remaining portions appear to be direct testimony of the witness and admissible, and objection having been made to the admission of all the testimony en bloc, this ground was properly overruled.

3. "The trial judge has a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a reviewing court unless it is abused." *Fouraker* v. *State,* 4 *Ga. App.* 692 (3) (62 S. E. 116). This discretion was not abused by the trial judge, as contended in grounds 6, 7, and 8 of the motion for a new trial.

4. The recitals in ground 9 of the motion for a new trial were not approved

by the trial judge, and it appears from the court's explanation thereof that no error of law was committed.

5. The defendant having been indicted for a felony under § 81 of the Penal Code (1910), and having been found guilty as for a misdemeanor under § 82 of the Penal Code, the charge of the court complained of in ground 10 of the motion for a new trial, even should it be subject to the criticism that it was unauthorized for the reason that the evidence did not show that "said child was quick when said drugs were administered," was not harmful to the accused. See *Griggs* v. *State*, 38 *Ga. App.* 258 (2) (143 S. E. 608); *French* v. *State*, 43 *Ga. App.* 97 (157 S. E. 902).

6. The assignment of error in ground 18 of the motion for a new trial, "that the charge of the court (in its entirety) was error and contrary to law, because the judge failed to charge the jury the meaning of blackmail," is without merit. *Gore* v. *State*, 162 *Ga.* 267 (134 S. E. 36).

7. The trial court fully charged the jury with reference to criminal intent in connection with the commission of a misdemeanor under § 82 of the Penal Code (under which a verdict of guilty was returned); and ground 19 of the motion for a new trial is therefore without merit.

8. Ground 20 of the motion for a new trial is not understandable; and ground 21, complaining that the trial judge failed to charge the jury on reasonable doubt, is not supported by the record.

9. The evidence amply supports the verdict, no error of law appears, and the trial judge did not err in overruling the motion for a new trial.

 *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 22, 1932. REHEARING DENIED JANUARY 25, 1933.

*Sims & Berman, Swift Tyler*, for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson*, contra.