## 24436. HILL *v.* THE STATE.

BROYLES, C. J. 1. "One who is not an expert or practicing physician may, after describing the wound, give his opinion that it caused death." *Everett* v. *State,* 62 *Ga.* 65 (3); *McLain* v. *State,* 71 *Ga.* 279 (4). Under this ruling there is no merit in the sole special ground of the motion for a new trial.

2. "Where one is charged with a homicide, proof that the homicide as charged was actually committed by him must be clear and unequivocal. Yet this fact can be proved by circumstances, and by inferences reasonably deducible from the facts in evidence, as well as by direct testimony. In this case the evidence was clear that the accused struck the decedent a blow with a deadly weapon, and the jury were authorized, although there was no expert testimony and death did not result until several days thereafter, to find that the homicide was caused by the blow inflicted by the accused with the deadly instrument." *Brown* v. *State,* 10 *Ga. App.* 216 (2) (73 S. E. 33). Applying the foregoing ruling to the facts of the instant case, it clearly appears that the jury were authorized to find that the deceased was killed by the accused in the manner charged in the indictment.

3 The verdict was supported by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 24, 1934.

*Brackett & Drennan,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.