## 26755. VICKERS, *alias* STONE, *v.* THE STATE.

DECIDED APRIL 28, 1938. REHEARING DENIED JULY 14, 1938.

*Barrett & Nall,* for plaintiff in error.
*John A. Boykin, solicilor-general, J. W. LeCraw,* contra.

BROYLES, C. J. Carl Vickers, alias Carl Stone, was tried on an indictment for murder, and was convicted of involuntary manslaughter in the commission of an unlawful act. The first special ground of the motion for new trial alleges that the court erred in admitting the following testimony of a witness for the State: "Nothing else was the matter with him [the deceased] except this bullet wound. There was nothing the matter with him except that wound." The only objection interposed was "that the witness could not testify that there was not something the matter with the deceased previously." The witness was a brother of the deceased, and in his previous testimony he had described the nature of his brother's wound which the witness had examined. Under such circumstances the court did not err in admitting the testimony, which, of course, was, in effect, the opinion of the witness that the gunshot wound alone caused his brother's death; and this is true al-

though the witness was neither an expert nor a physician. *Everett* v. *State*, 62 *Ga.* 65 (3); *McLain* v. *State*, 71 *Ga.* 279 (4); *Hill* v. *State*, 50 *Ga. App.* 191 (177 S. E. 270). The evidence showed that the deceased was shot in the abdomen by the defendant, and that he died about twenty-six hours later; that the defendant thereafter left the State, and was arrested by officer Flournoy about a year later, in West Virginia.

While Flournoy was testifying for the State, he stated that the defendant had told him that he had gone from city to city, including Knoxville and Johnson City, Tennessee. The following then occurred: Question by the solicitor-general: "What did he say he had been doing since he left Atlanta?" Defendant's counsel: "If the court please, we object to that. I don't know if the State contends that flight has been shown, but I don't think you can go into that; I don't think the details are material." The court: "I will let him tell what the defendant told him he had been doing since he left Atlanta on the occasion we are now investigating." The witness: "He didn't tell us right then when he left Atlanta; he did after a time. He said he came to Johnson City and stayed a while, and he left Johnson City and went to Knoxville, Tennessee, and that Knoxville was the first place he stopped for any length of time. He told us that he ran a dice table in both of those places." Defendant's counsel: "Your honor, I don't think those details are necessary, and I move for a mistrial. I think he might tell when he left Atlanta, how he left Atlanta, and the places he stopped, but not what he did during that time. We objected to this testimony which has been brought out, and we move the court for a mistrial." Solicitor: "Your honor, on that occasion I think whatever the defendant said would be relevant." The court: "Have him confine himself to the relevant things. It is not desirable to have him go *into these other things, if counsel objects to them.*" (Italics ours.) Defendant's counsel: "Your honor, I fear that something may get into the case that may be objectionable. Will your honor let the jury retire, and hear the testimony?" The court: "I can't do that, but I will ask the solicitor to keep him [himself?] in bounds." It will be observed that the only objection to the testimony was, in effect, that it was immaterial. When its admissibility was being considered by the court, it was not objected to on the ground that it was prejudicial to the defendant,

or on the ground that it put his character in issue. Under repeated rulings of the Supreme Court and of this court, the judgment of the trial court will not be reversed because of the admission of evidence, where the only objection offered to it was that it was immaterial. If defendant's counsel believed that the evidence put the defendant's character in issue, or was otherwise prejudicial to him, the court should have been so informed when the evidence was offered. It is a well-settled principle of law that the reviewing court can pass only on those objections to the admissibility of evidence that are presented to the lower court *during the trial*. Objections to evidence that are presented for the first time in the motion for new trial can not be considered by this court. Moreover, the judge did not *directly* pass on the admissibility of the evidence, but his language (addressed to defendant's counsel when he interposed his objection), to wit, "Have him [the witness] confine himself to the relevant things. It is not desirable to have him go into these other things, if counsel objects to them," strongly tended to show that he was holding that the irrelevant evidence was inadmissible. But since he did not *directly* pass on its admissibility, counsel for the defendant should have requested a definite ruling thereon, which of course would have been given, and the matter would have been clarified. This is shown by the note of the judge approving the grounds of the motion for new trial, in which he states that he intended to exclude the evidence. Under these circumstances we do not think that the ground of the motion setting up the above-stated facts shows cause for reversal of the judgment.

Another ground of the motion complains of an excerpt from the charge, in which the jury were instructed upon the law of "mutual combat." The only exceptions to the excerpt are that it was not authorized by the evidence and was confusing and misleading to the jury. There is no averment that the law of mutual combat as charged was not a correct statement of that law; and the complaint that the charge thereon was "confusing and misleading to the jury" can not be considered by this court, since the assignment of error fails to point out wherein the charge was confusing and misleading to the jury. *Hill* v. *George,* 47 *Ga. App.* 272 (4) (170 S. E. 326), and cit.; *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 714, rule 9 (145 S. E. 486); *Sims* v. *State,* 40 *Ga. App.* 10, 14

(148 S. E. 769). The only other assignment of error, that the charge on the law of mutual combat was not authorized by the evidence, is without merit. It is well settled by numerous rulings of the Supreme Court and of this court that the law of mutual combat should be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that he was guilty of manslaughter, voluntary or involuntary, and that at the time of the homicide the defendant and the deceased were engaged in mutual combat, or which would be sufficient to raise a *doubt* as to whether they were so engaged. See, in this connection, *Reeves* v. *State, 22 Ga. App.* 629 (97 S. E. 115); *May* v. *State, 24 Ga. App.* 379 (11), 382 (100 S. E. 797); *French* v. *State, 43 Ga. App.* 97 (5) (157 S. E. 902). "It is likewise well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State, 10 Ga. App.* 50, 54, 55 (72 S. E. 537)." *May* v. *State, French* v. *State,* supra. Under the foregoing rulings, the evidence, and the defendant's statement, the jury were authorized to find that the deceased and the defendant, at the time of the homicide, were engaged in mutual combat; and the court properly charged on that theory.

The general grounds of the motion are without merit. The undisputed evidence showed that the defendant shot the deceased in the abdomen; that the bullet passed through the body on a course that necessarily perforated the intestines; and that the deceased died twenty-six hours later. This evidence was sufficient to prove the corpus delicti. *Thomas* v. *State, 67 Ga.* 460 (6). The evidence as a whole, and the inferences reasonably deducible therefrom, authorized the verdict, although there was no expert testimony as to the cause of the death of the deceased. "Where one is charged with a homicide, proof that the homicide as charged was actually committed by him must be clear and unequivocal. Yet this fact can be proved by circumstances, and by inferences reasonably deducible from the facts in evidence, as well as by direct testimony. In this case the evidence was clear that the accused struck the decedent a blow with a deadly weapon, and the jury were authorized, although there was no expert testimony and

death did not result until several days thereafter, to find that the homicide was caused by the blow inflicted by the accused with the deadly instrument." *Brown* v. *State,* and *Hill* v. *State,* supra. The assignments of error not herein dealt with are expressly abandoned in the brief of counsel for the plaintiff in error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*