27134.  NORRIS *v.* THE STATE.

DECIDED SEPTEMBER 20, 1938.

*Joe M. Lang,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

BROYLES, C. J.  ■  "The testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by anyone who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." Code, § 38-314.

(*a*)  "A witness beyond the limits of the State is inaccessible." *Robinson* v. *State,* 128 *Ga.* 254, 256 (57 S. E. 315); *Brown* v. *McBride,* 129 *Ga.* 92, 95 (58 S. E. 702).

(*b*)  "The sufficiency of the search [for the witness] is a matter left to the discretion of the trial judge, whose judgment will not be reversed, unless a manifest abuse of discretion appears." *Rob-*

*inson* v. *State,* supra. In the instant case the court did not err in admitting, over the defendant's objection, the evidence of B. J. Butler, a witness for the State, delivered on the former trial, the evidence as to his whereabouts authorizing the court to find that he was beyond the limits of the State, and inaccessible.

■ It is established by numerous rulings of the Supreme Court and this court that the law of voluntary manslaughter should be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that he was guilty of voluntary manslaughter. *Reeves* v. *State,* 22 *Ga. App.* 629 (97 S. E. 115); *May* v. *State,* 24 *Ga. App.* 379 (11), 382 (100 S. E. 797); *French* v. *State,* 43 *Ga. App.* 97 (5) (157 S. E. 902). "It is likewise well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State,* 10 *Ga. App.* 50, 54, 55 (72 S. E. 537)." *May* v. *State,* supra; *French* v. *State,* supra; *Vickers* v. *State,* 58 *Ga. App.* 207 (198 S. E. 106). In the instant case, certain parts of the defendant's statement to the jury authorized the judge to charge on the law of voluntary manslaughter. Furthermore, it appears from the record of the former trial of this case (where the accused was convicted of murder, and where the evidence and the defendant's statement were substantially the same as on the trial now under review) that the court failed to charge the law of voluntary manslaughter, and that failure was assigned as error. The Supreme Court did not pass on the merits of that assignment, but merely ruled that it was too vague and uncertain to consider.

■ When the former trial of this case was under review by the Supreme Court (184 *Ga.* 397, 191 S. E. 375), it was held that the judge erred in refusing a timely written request to give the following in charge to the jury: "If this killing took place at the home of the defendant, then I charge you that he had the right to request the deceased to leave when the deceased first arrived at said place, provided he did this in a reasonable manner. When the defendant was in his own home he had the right to forbid deceased from coming into his home, even if there had been no bad feeling or trouble between them prior to this time; and

if defendant did request deceased to leave, and not to come in, it was the duty of deceased to do so." On the trial now under review (where the evidence and the defendant's statement were substantially the same as on the former trial), the defendant presented a timely written request for the identical charge above set forth, and the judge gave some, but not all, of it to the jury. The Supreme Court having ruled that the requested charge in its entirety should have been given to the jury, that ruling became the law of the case, and the court erred in not so doing.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*