28101. SCOGGINS v. THE STATE.

Decided April 9, 1940.

*Howard, Tiller & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews,* contra.

Broyles, C. J. The defendant (Scoggins) and F. J. Aycock, policemen of the City of Atlanta, were jointly indicted for the offense of bribery, it being charged in the indictment that they had accepted twenty-five dollars in money, from certain named persons engaged in the illegal sale of whisky, as a reward to influence them to refrain from arresting said persons. Scoggins was tried and convicted of the offense charged. His motion for a new trial was overruled, and he excepted to that judgment.

The first and second special grounds of the motion for new trial allege that the court erred in admitting testimony that the defendant had been given whisky, in addition to the money given him. The objection being that there was no allegation in the indictment about the giving of any whisky to the accused, and that having had no notice of the intention to offer such evidence the defendant "had no way to meet it." We think that the evidence was admissible, under the rule as to "similar transactions," to show the intent, or

plan or scheme of the accused to commit the offense charged. In *Taylor* v. *State,* 174 *Ga.* 52 (162 S. E. 504), the court, on pp. 66 and 67, said: "In bribery cases, evidence of similar offenses is frequently admitted to show intent, a plan or scheme to commit a series of crimes including the one for which accused is being tried, or the intimate and apparently confidential relations between the informer and the defendant; but evidence of other offenses which are not of a similar nature or character, and which do not tend to prove the bribery charge, is not admissible. . . In proving such corrupt intent, other similar offenses, tending to show the corrupt course of dealing of a public official, may be shown as tending to prove the specific corrupt intent charged in the indictment. . . While evidence of other offenses is not usually admissible, evidence . . of similar collections of 'hush money' by accused is admissible to show a general plan. For the same reasons, evidence of collection of bribes subsequent to one for which accused was being prosecuted is admissible." The fact that in the instant case, the "similar offense," of receiving whisky as a bribe, was not charged in the indictment, is no cause for excluding the evidence. In *York* v. *State,* 42 *Ga. App.* 453 (29) (156 S. E. 733), where evidence of a transaction similar to those for which the accused was on trial was admitted, this court held: "Defendant objected to said evidence upon the ground that the transaction was not included in the indictment. It will be noted that this plan of York to use his office of councilman to promote his private interest was in keeping with his general plans of operation as shown by the indictment, particularly count 3 thereof; and such evidence was admissible to show intent and motive." The fact in the instant case that the evidence as to the similar transaction showed that whisky was accepted as a bribe, while the indictment charged only that money was so accepted, is immaterial.

The remaining special ground of the motion for new trial assigns as error the charge of the court on the law of conspiracy. It is admitted in the ground that the charge "was correct as an abstract principle of law," but the contention is made that it was not authorized by the evidence. We can not agree with this contention. It is well-settled law that a conspiracy may be shown by either circumstantial or direct evidence. *Cook* v. *State,* 22 *Ga. App.* 770 (9-*a*) (97 S. E. 264). In headnote 9(*b*) of that case, this court

further held: "If sufficient prima facie evidence of a conspiracy is introduced to authorize the admitting of evidence of acts and declarations of one of the alleged conspirators, ultimately it is for the jury to determine whether, from the whole evidence, a conspiracy has been shown." In the instant case, the jury were authorized to find from the evidence that the defendant and Aycock had entered into a conspiracy to obtain bribe money from the two "bootleggers" named in the indictment. The verdict was authorized by the evidence, and the denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*