## 28244.  AYCOCK *v.* THE STATE.

DECIDED JULY 9, 1940.

*Howard, Tiller & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews,* contra.

MacINTYRE, J. F. J. Aycock and G. B. Scoggins, policemen of the City of Atlanta, were jointly indicted for the offense of bribery, it being charged in one count of the indictment that they received $25 in money from a named person, and in another count that they had received $25 in money from another named person. The jury returned a verdict of guilty on both counts. A motion for new trial was overruled, and the defendant excepted.

It is conceded that the evidence, "if credible and if believed by the jury, was sufficient to authorize the conviction of the defendant." However, the defendant urges the general grounds, and contends that "all the material witnesses for the State in this case had criminal records," and that this court should "take into consideration the type of witnesses used by the State in making out its case against the defendant." The Court of Appeals has said: "This court is a court for the correction of errors in law and in equity alone. It has no authority to entertain an assignment of error that the verdict is contrary to the evidence, if there is any evidence at all to support the verdict. This ground in the motion for new trial is addressed to the discretion of the trial judge, upon whom is imposed the duty of being satisfied with a verdict before he approves it." *Bell* v. *Aiken,* 1 *Ga. App.* 36 (2) (57 S. E. 1001).

Our Supreme Court has said, in a case where the verdict would have been an outrage upon justice unless a particular witness in behalf of the plaintiff in the court below had testified truly: "The credibility of this witness was attacked by every means known to the law, including contradiction by another witness, evidence of bad character, and his own previous affidavit to a written report of the facts at variance with his testimony at the trial; yet the jury, if not themselves corrupt, must have believed him, for they found for the plaintiff; and the court below having approved their finding, this court is constrained by law to acquiesce. Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of the witnesses. The law provides for setting aside judgments obtained by perjury after conviction of that offense." *Rome Railroad Co.* v. *Barnett,* 94 *Ga.* 446 (5) (15 S. E. 639). This court has said: "The whole question of the credibility of witnesses is wisely left to the jury under any and all circumstances; and though Ananias and Sapphira spoke again, the law would not strike them dead, but would leave their testimony to be weighed and accepted or rejected by the jury." *Brown* v. *State,* 10 *Ga. App.* 50, 56 (72 S. E. 537). "The evidence for the State, if believed, was sufficient to support the verdict. The jury being the judges of the weight of the evidence, this court can not disturb the judgment refusing a new trial." *Carter* v. *State,* 58 *Ga. App.* 16 (197 S. E. 333). "Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of witnesses." *Rome Railroad Co.* v. *Barnett,* supra. "The right of the jury to settle disputed issues of fact is supreme and exclusive." *Charles* v. *Brooker,* 1 *Ga. App.* 219 (58 S. E. 218); *Barnes* v. *State,* 57 *Ga. App.* 183 (2) (194 S. E. 839). Applying these rules of law to the facts in this case, we can not say that the jury were not authorized to arrive at the conclusion set forth in their verdict.

■ Special ground 1: "On the trial of the case Jimmie Roberts, a witness for the State, testified that he had made payments of money as a bribe to the defendant on trial, F. J. Aycock, and to G. B. Scoggins, who was jointly indicted with Aycock. The witness testified that he went before the grand jury, on the advice of his attorney, and testified before the grand jury that he had paid money to the defendant. Counsel for the defendant asked the witness if he had given testimony before the grand jury against

every officer to whom he had paid money as a bribe. Counsel for the State objected to the question, upon the ground that evidence as to what other officers the witness testified about having paid was irrelevant and immaterial. Counsel for the defendant stated to the court that he desired to show by the witness that he had picked out the defendants Scoggins and Aycock and testified against them, and had shielded others to whom he might have made payments. The witness declined to answer the question as asked, but stated that he testified against all of the persons about whom he was asked. Counsel for the defendant insisted that he was entitled to have the witness answer the question and state whether or not he had given the names of all persons to whom he had paid bribes, for the reason that the testimony would be relevant on the question of the credibility of the witness. The court sustained the objection, and refused to require the witness to answer the question." The answer of the witness took in the whole scope of questions asked by the grand jury. But the defendant wanted the witness in this trial to go further and go into the history of his whole past life relative to whether he had ever bribed any other officers, Federal, State, county or municipal, whether in Fulton County or elsewhere, and give their names in addition to the ones he had testified against before the grand jury. This the witness refused to do; and while the defendant has the right of cross-examination, thorough and sifting, yet the cross-examination must end somewhere, and the trial judge is the one who has the discretion to end the cross-examination. The rule is that "the trial judge had a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a. reviewing court, unless it is abused." *Rogers* v. *State*, 18 *Ga. App.* 332 (2) (89 S. E. 460) ; *Granison* v. *State,* 49 *Ga. App.* 216 (174 S. E. 636) ; *Fields* v. *State,* 46 *Ga. App.* 287 (3) (167 S. E. 337). It should be borne in mind that the witness had gone before this particular grand jury in Fulton County, and upon the advice of counsel had testified against this defendant and other officers of Fulton County. It might also be noted that the witness was not required, unless he so desired, to do anything that might incriminate himself. We do not think that the judge in the instant case abused his discretion in refusing to require the witness to answer the question further.

■ Special ground 2 complains that the court erred in admitting testimony that the witness had been given whisky, in addition to the money given him as a bribe, the objection being that the defendant was charged with receiving money, and this evidence was not relevant and had no probative value. The contention has been decided adversely to the defendant in *Scoggins* v. *State, 62 Ga. App.* 489 (8 S. E. 2d, 709).

■ Special ground 3 is expressly abandoned by the defendant in his brief, and therefore will not be considered.

■ Paul Johnson, a witness for the State, was asked on redirect examination, after cross-examination, whether or not he had received any promises of immunity previously to his testimony before the grand jury against any officer, and why he testified against the defendant. The witness answered: "I didn't testify against no officer until after Burns had been tried." The defendant's counsel objected on the ground that what had happened to Burns or any one else was irrelevant. Counsel for the State replied that an attempt had been made by the defendant, on cross-examination of this witness, to show that the witness had some interest in the case, in that he had been under compulsion, and had been promised certain things if he would testify against the defendant, and in order to rebut this the State had a right to show that the witness would not testify against any officer until certain officers had confessed, and that he was afraid to deny paying any officer that he had ever paid, because he did not know whether he would deny paying one who had confessed. The defendant made a motion to declare a mistrial on account of such statement by the solicitor, which was overruled. Counsel for the State was then allowed to ask the witness whether he testified before the grand jury before or after he knew that certain officers had confessed to accepting bribes, to which the witness answered "After." The defendant renewed his motion for mistrial, which was overruled. In arguing the two points of the admissibility of the evidence the solicitor-general, in presenting to the judge his reasons why the evidence was admissible or in arguing the points, did not commit error. The defendant contends, that this evidence was irrelevant, and that it tended to lead the jury to believe that if other officers had had dealings with the witness, and had admitted their guilt of accepting bribes, the defendant on trial was probably

guilty. Also, contends that there was no evidence of other officers confessing to accepting bribes (which would have been inadmissible), and that it was highly prejudicial to permit the solicitor-general to acquaint the jury with these facts by use of this language.

This witness Paul Johnson testified, on cross-examination, that he did not know anything at all when he was called before the grand jury for the first time; and further: "No, I was not instructed before that investigation [the first one] began that they were not after me, either Mr. Andrews [solicitor] or the grand jury, and that they would give me immunity if I would testify. I wasn't even in Fulton County at the time the grand jury investigation was going on. No, I was not told that I would not be prosecuted for bootlegging or for paying bribes; nobody told me that, no member of the grand jury. . . Nobody at any time had promised me immunity from prosecution, unless I perjured myself." Thus it appears that an attempt had been made, on cross-examination of a State's witness by defendant's counsel, to show that the witness had been promised immunity for himself if he would testify against the defendant. Therefore the solicitor was merely stating what had occurred on cross-examination, and it was proper for him, on redirect examination of such witness, to rebut this evidence, and to explain his witness's conduct at the first hearing by showing that in order not to perjure himself he waited until after other officers had confessed receiving bribes before testifying against any one which confession occurred after the witness was first called before the grand jury and before he was called the second time. The conduct and extent of redirect examination which follows and is intended to neutralize the effect of the cross-examination is left to the sound discretion of the trial judge, and will not be controlled by the reviewing court unless abused. Rapalge's Law of Witnesses, 417, § 253; *Kidd* v. *State,* 101 *Ga.* 528 (4) (28 S. E. 990); *Lance* v. *State,* 166 *Ga.* 15, 27 (12) (142 S. E. 105). It follows that the motion to declare a mistrial was properly overruled, and this ground does not disclose reversible error.

■ Ground 5 complains that P. H. Clover, a witness for the State, was permitted to testify, over objection by the defendant's counsel, that on the day before his testimony was being given he had gone out to 184 Waverly Way, the home where the defendant had formerly lived, and had made an examination of the premises

to locate the position of the telephone, and in response to the solicitor's question he gave definite testimony as to the location of the telephone as being on the left side of the hall, six or seven feet from the door. Counsel for the defendant objected to the admission of this testimony, unless the State could show that the defendant was a resident of the home at the time the witness inspected the premises, the State having proved that the defendant lived there in 1936 and 1937 (the crime having been alleged to have been committed in 1937), and that the witnesses had testified that they delivered liquor to him there and used the telephone, and had described the position of the telephone at the time they delivered the liquor. The defendant contends the admission of the evidence was error, for the reason that it was an effort on the part of the State to "bolster" its own witness. To "bolster" a witness is frequently stated as the introduction of evidence of the good reputation of a witness for truth and veracity, for the purpose of supporting such witness's testimony. 15 A. L. R. 1066, II(a). It is true that evidence tending to support the character of a witness (to "bolster" a witness) is not admissible, when offered by the party producing that witness, until the character of said witness is attacked by the adverse party. *Smith* v. *State,* 147 *Ga.* 689 (3) (95 S. E. 281, 15 A. L. R. 490) ; *Hamilton* v. *State,* 28 *Ga.* 276 (4). However, considerable latitude must be allowed in the admission of corroborative evidence. It is permissible to strengthen a witness's testimony by evidence of matters showing its consistency and reasonableness, and tending to indicate that the facts probably were as stated by the witness. 70 C. J., 1180, § 1368; *Williams* v. *State,* 152 *Ga.* 498, 527 (3, 4) (110 S. E. 286). We do not think the judge abused his discretion in allowing the testimony in question, it being corroborative of another witness. Conceding that this testimony was irrelevant, it is not of such a character that the admission thereof should require a new trial. This ground is not meritorious.

■ The evidence authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*