31797.   LAMAR *v*. THE STATE.

DECIDED DECEMBER 2, 1947.

*James LeRoy Finch, Jackson L. Barwick,* for plaintiff in error. *Paul Webb, Solicitor-General, William T. Boyd, J. Walter LeCraw,* contra.

GARDNER, J.   ■   There is no contention here that the evidence does not support the verdict found, but it is contended that the charge of the court requires a reversal.   We will look into this.

■   Counsel for the defendant states that the special grounds "are more or less related and will be discussed and dealt with en masse."

■ The first special ground assigns error on the excerpt from the charge to the effect that one who kills another not to prevent a wrong but for revenge, is guilty of murder.

■ The second special ground assigns error upon an excerpt to the effect that where one kills another under the fears of a reasonable man, it must appear that the party killing really acted under such fears and not in a spirit of revenge;

■ That such fears of the slayer must be those of a reasonable man, one reasonably self-possessed and not those of a coward;

■ That if the circumstances are sufficient to excite the fears of a reasonable man, the killing would be attributable to such fears in the absence of proof to the contrary, and if the accused acted under such fears and not in a spirit of revenge.

When these isolated pictured excerpts are viewed in the light of the whole charge, the assignments of error thereon are not meritorious. But there is another principle of law which prevails even in an event where if the assignments of error on the excerpts or either of them were meritorious they would afford no ground for reversal. That principle is this: The defendant was on trial for assault with intent to murder. This offense involves malice. The defendant was acquitted of this offense. If there had been any error in the charge on assault with intent to murder, it would be harmless error where, as in the instant case, the defendant was convicted of shooting at another, which involves no malice. Where one is accused of murder, which involves malice, and is convicted of voluntary manslaughter under either of its phases, any erroneous charge concerning the offense of murder will not be considered. So therefore, where one is charged with assault with intent to murder, which involves malice also, and is convicted of shooting at another, which involves no malice, any erroneous charge, and there is none in this case, on assault with intent to murder, presents no reason why a verdict for the offense of shooting at another, which does not involve malice, should be set aside. There are numerous decisions to this effect by both the Supreme Court and this court. It is useless to cite them. We will, however, call attention to *Griggs* v. *State*, 38 *Ga. App.* 258 (2) and *Haney* v. *State*, 64 *Ga. App.* 396, 402. As to the contention that the court erred in its

reference to the fact that the circumstances must be sufficient to excite the fears of a reasonable man, and one reasonably self-possessed, and not the fears of a coward, see *Anderson* v. *State,* 117 *Ga.* 255 (3). See also *Coleman* v. *State,* 141 *Ga.* 731 (5); *Smoot* v. *State,* 148 *Ga.* 306 (2). On these propositions contained in these special grounds we could cite many other controlling authorities if need be to the effect that the court committed no reversible error in either of them, even though the defendant had been convicted of assault with intent to murder rather than the lesser offense of shooting at another.

The court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*