32497. JOHNS *v.* THE STATE.

Decided June 10, 1949.

*S. Thomas Memory,* for plaintiff in error.

Townsend, J.   Moncie Johns was tried in the Superior Court of Brantley County for burglary.   Upon his conviction he filed a motion for new trial on the general grounds, which was amended by adding 4 special grounds.   The exception here is to the judgment overruling his amended motion for a new trial.

Special ground 1 contends that the trial court erred in overruling the objection made by the defendant's counsel to a statement, in the argument for the State by the solicitor-general to the jury, as follows:   "If defendant's counsel wanted to prove

the good character of the defendant he could have put up witnesses to prove it: he had some summonsed here; one came to me and told me he was summonsed here to testify as to the defendant's character and if they were not going to use him he wanted to go." The objection of counsel for the defendant was: "Your Honor, he has gotten out of the record, and I object to it on the ground that it is irrelevant and prejudicial to the rights of the defendant and highly inflammatory." The court's ruling was as follows: "The jury will remember what the evidence was. I don't remember. The objection is overruled." Code § 81-1009 provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender."

The remarks of counsel for the State here were outside the record. There was no evidence that witnesses had been summonsed by the defendant to testify as to his good character. There was no evidence that a witness came to the solicitor-general and told him that he had been summonsed to testify to the defendant's good character, and that if they were not going to use him as such witness he wanted to go. These remarks were prejudicial. The jury could have inferred from them that the witnesses were so summonsed, and that they were not used because they would not testify as to the good character of the defendant. The jury could have inferred from this that the defendant did not have a good character. In *Brooks* v. *State,* 183 *Ga.* 466 (supra), which was certified to the Supreme Court by this court, it is held at page 468: "When an improper argument is made, the adversary must act, if redress is desired; if not, the incident is closed. The adversary may (1) waive by silence; (2) he may request a rebuke by the court; (3) he may request instructions to the jury either at that moment or as a part of the general instructions; or (4) he may move for a mistrial. Possibly other motions may be made or rulings invoked." Also, at page 470, the Supreme Court in the *Brooks* case quoted with approval from

*Southern Railway Co.* v. *Brown,* 126 *Ga.* 1, at page 6 of the latter case, as follows: "When improper argument is made by counsel, counsel for the opposite party, in order to make the action of the judge in reference to the same the basis for a review, may object to the argument, and rest simply on the objection; and if the court fails to take any notice of the objection and allows the argument to proceed, this conduct may be reviewed; or he may, in addition to his objection, move for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, in order that the jury may be impressed with the grave nature of the impropriety which has taken place; or, if the impropriety is of a very grave character, he may move for a mistrial, and upon the refusal of the court to do that which ought to have been done on the motion made, whatever its nature may be, the conduct of the judge will then be a subject for review by this court." This excerpt from *Southern Railway Co.,* supra, is also quoted as the 6th headnote in *Brooks* v. *State,* 55 *Ga. App.* 227 (supra), which is the same case as *Brooks* v. *State* after the Supreme Court has answered the certified question. In the *Brooks* case, counsel for the defendant simply objected to the improper argument of the solicitor-general, and the ruling of the court was, "Go ahead with your argument, Mr. Solicitor." It is there held by this court in substance that the simple objection to the argument is in effect a request of counsel for the complaining party for the court to require opposing counsel to desist from further improper argument. In the *Brooks* case the court ruled by instructing counsel against whom the complaint was made to go ahead with the argument. Here, upon the simple objection being made it was overruled. The effect of a proper ruling by the court on a simple objection also is to inform the jury as to whether or not the argument was improper, and where the argument is improper and the court rules in effect that it is not, such ruling may be prejudicial.

The decision here is controlled by *Brooks* v. *State,* supra, wherein this court interpreted the meaning of the answers to the certified questions in that case made by the Supreme Court. The ruling of the trial court is reviewable in this court, although when the improper argument was made counsel for the opposing party only objected to the argument, and rested simply on the objection. The ruling thereon constitutes reversible error.

■ Special ground 2 contends that the trial court erred in failing to charge the jury fully on the law of character of the defendant, which was relied upon by the defendant to create a doubt in the minds of the jury. The court charged in this connection: "The jury have the right to consider the good character of the defendant, not merely where guilt is doubtful under the testimony in the case, but where such testimony of good character may of itself generate this doubt. Good character is a positive, substantive fact, and may of itself be sufficient to justify a reasonable doubt as to the guilt, or, considered with other evidence in the case, it may be sufficient to create such a doubt. If a reasonable doubt as to guilt exists the jury should acquit. Nevertheless, if the jury should believe beyond a reasonable doubt that the defendant is guilty as charged, they should convict, notwithstanding evidence as to general good character." This charge fully meets the requirements in *Shropshire* v. *State*, 81 *Ga.* 589 (supra), which is a leading case on this subject in this State. Counsel for the defendant requested the court to charge: "The defendant alone can put his general character in issue in any criminal case, yet he can do so as effectively by his statement to the court and jury as by sworn testimony introduced in his behalf. An assertion by the defendant in his statement of his good character would be a matter for you to consider." The defendant had stated to the jury that he had a good character. The failure to give the request, however, is not specifically assigned as error, but even had it been, the judge recognized that the defendant's character was in issue by charging the jury fully and correctly on the subject. His failure to charge upon request as to how his character was put in issue was not error, because the jury, having heard the evidence and the statement of the defendant, must have known. This assignment of error is without merit.

■ Special ground 3 contends that the trial court erred in failing to charge, upon request, Code § 38-420, as follows: "All admissions shall be scanned with care, and confession of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." The evidence upon which the request to charge was predicated is that of the sheriff as follows: "Moncie Johns was

put in jail in Nahunta. He made a statement before I arrested him and one after I arrested him. They were both made freely and voluntarily. He first told me he didn't know anything about it; he didn't even go to the fishing camp that Sunday. And after I put him in jail, maybe the next morning, he told me they did go down there and got drunk and got the stuff and carried it back to Waycross." A confession is an admission of the main fact in a charge of crime, without any exculpatory explanation. See *Adsmond* v. *State*, 47 *Ga. App.* 444 (170 S. E. 525). An admission as applied to a criminal case is the statement made by the defendant of a fact or facts pertinent to the issue, and tending, in connection with other facts and circumstances to prove the guilt of the accused, but not containing all the essential elements of the crime. See *Turner* v. *State*, 138 *Ga.* 808 (76. S. E. 349).

Since the statement attributed to the defendant here amounts to no more than an admission, a charge on the law of confessions was unauthorized. See *Porter* v. *State*, 11 *Ga. App.* 246 (74 S. E. 1099) ; *Owens* v. *State*, 120 *Ga.* 296 (48 S. E. 21) ; *Riley* v. *State*, 1 *Ga. App.* 651 (3) (57 S. E. 1031). The request to charge included reference both to admissions and confessions. The part of the request on admissions was authorized. The part of the request on confessions was unauthorized. It is not error to refuse a request to charge when a part thereof states a principle of law inapplicable to the case. See many cases cited under Code (Ann.), § 70-207, catchword, "Request." This assignment of error is without merit.

■ Special ground 4 contends that the trial court erred in charging the jury as follows: "Gentlemen, it is necessary to fix the penalty. You could not find him guilty of a straight misdemeanor. You would have to find him guilty and fix the punishment, and then add the recommendation to that. The form of your verdict should be: 'We, the jury, find the defendant guilty and fix his sentence at, not less than so many years nor more than so many years, and then if you wish that he be punished as for a misdemeanor then add to that, and we recommend that he be punished as for a misdemeanor.' "

The excerpt from the charge here complained of was given to the jury after they had been fully charged, had retired, and

had returned a verdict in the court as follows: "We, the jury, find the defendant guilty of a misdemeanor, and recommend 1 year suspended sentence." The trial court in refusing to accept this verdict charged as complained of in the foregoing excerpt.

Thereupon the jury again retired and returned a verdict as follows: "We, the jury, find the defendant, Moncie Johns, guilty this 21st day of January, 1948, and recommend not less than 1 year and not over 1 year, and recommend it be reduced to a misdemeanor." Obviously this is the verdict intended in the first instance. In *Smith* v. *Pilcher*, 130 *Ga.* 350, 355 (60 S. E. 1000), it is held: "Where the meaning of a verdict is certain and it is merely imperfect and informal, the court can put the verdict in proper form in conformity to the intention of the jury as expressed in the verdict." See also Code, § 110-110. This assignment of error is without merit.

Since the case is reversed for the reason set forth in the 1st headnote and 1st division of this opinion, and must be tried again, the general grounds of the motion for new trial are not considered.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*