## 32748. HARDISON *v.* THE STATE.

DECIDED FEBRUARY 28, 1950. REHEARING DENIED MARCH 24, 1950.

*J. W. Barnett, Norman E. English,* for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West,* contra.

MacIntyre, P. J. 1. (a) In special ground 3 the defendant complains of the following remarks made by the solicitor-general in his argument to the jury: "Minus Hardison is either guilty or your sheriff is a liar and a rascal. Tell me if he is a liar and a rascal because I want to know it if he is. Minus Hardison is either guilty or the State Patrolmen are liars and rascals. Minus Hardison is guilty according to their evidence; *your own grand jury of which Mr. W. E. Green was foreman say he is guilty.*" The solicitor-general then began to read the names of the grand jurors and the defendant objected to this procedure, and before he could object further the court informed the solicitor-general that his time was up. The defendant says that the court should have then and there declared a mistrial. As we construe this assignment of error, the objection was to that portion of the solicitor's remarks which we have italicized above and the reading of the grand jurors' names. The solicitor's remark was distinctly improper, but the court stopped the procedure of reading from the indictment by informing the solicitor that his time was up, and in the court's certificate to the motion for a new trial makes this additional certification: "The Court further certifies as to ground 3 of the amended motion for new trial that after the episode referred to in that ground, the court proceeded immediately to charge the jury and that, while the charge of the court to the jury was not reported and is therefore not included in the record, the court did instruct the jury in the early part of the charge, directly after stating the issue raised by the indictment and the plea of not guilty as follows: 'I charge you that the fact that the defendant has been indicted by the grand jury raises no presumption or inference whatever against him. You will not take the fact that an indictment has been preferred against this defendant as having any evidentiary force or value whatever. The indictment

is only the process which the law had adopted to bring the defendant to trial, containing as it does the written contentions of the State. All of these contentions in this case, however, are denied by the defendant.'" Therefore, in view of the fact that the court took notice of the objection and adopted a corrective measure by giving the remedial instruction quoted above, we think that the jury understood that the solicitor's remarks incorrectly stated the rule of law and that the correct rule and the one to be followed by the jury was the one given by the judge in his remedial charge. We do not think, therefore, that this remark shows reversible error.

(b) As to the remarks, "Minus Hardison is either guilty or your sheriff is a liar and a rascal," etc., as we interpret this ground of the motion for a new trial, there was no objection made at the time to these remarks, but the defendant contends that the court should have declared a mistrial of his own motion. "'Although it is the duty of the trial judge whether so requested or not, to check improper remarks of counsel to the jury, . . to remove any prejudicial effect they may be calculated to have against the opposite party,' yet ' "a verdict will not be set aside *because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the trial.* A party will not be permitted to sit by and allow such conduct to proceed without objection and without calling the attention of the court to it, and after verdict take advantage of it as ground for new trial. It is as much his duty to object to improper argument as it is to object to improper evidence; and in the former case as well as in the latter, if he permits it without objection, he can not demand a new trial on the ground that the jury may have been affected by it"' (Italics ours.) *Georgia Power Company* v. *Puckett,* supra. [181 *Ga.* 386, 182 S. E. 284]. This Court, wishing to get a definite ruling on what is necessary in order to make an improper argument to the jury by the attorney of one of the parties a basis of review, certified the question to the Supreme Court, and that court, in *Brooks* v. *State,* 183 *Ga.* 466, 468 (188 S. E. 711, 108 A. L. R. 752), definitely answered the question as follows: 'When an improper argument is made, the adversary must act, if redress is desired; if not, the incident is closed.

The adversary may (1) waive by silence; (2) he may request a rebuke by the court; (3) he may request instructions to the jury either at that moment or as a part of the general instructions; or (4) he may move for a mistrial. Possibly other motions may be made or rulings invoked.' " *Smoky Mountains Stages* v. *Wright*, 62 *Ga. App.* 121 (8 S. E. 2d, 453). The prejudicial remark of the solicitor with which we dealt in subdivision (a) of this division of the opinion was cured by the instructions which the court certified it gave in charge to the jury, and there being no objection to the remarks dealt with in subdivision (b) the objections sought to be made to these latter remarks in the motion for a new trial, by the organic law of this State and the rulings next-above quoted, present no question for consideration by this court on review.

2. Special ground 1 complains that the solicitor-general introduced in evidence over the defendant's objection the bench warrant, the bond given for the defendant for his appearing in court, a bond forfeiture, a rule nisi issued on such forfeiture and a writ of habeas corpus brought by the defendant. The defendant objected to this evidence on the ground that these papers did not have any direct bearing on the case of *State* v. *Hardison* (the case on trial). It seems that the defendant by his cross-examination of the sheriff both directly and by implication was attacking the conduct of the sheriff as being unbecoming and unworthy of such an officer and that he was making a serious attack upon the conduct of the sheriff. When the defendant thus brought into the picture such an attack upon the conduct of the sheriff the State tendered in evidence the papers objected to. We think that these papers together with the other evidence, part of which showed that the defendant had failed to appear for trial while out under the first bond, fixed by the sheriff, which was forfeited, and a bench warrant issued which ordered the defendant arrested and held in custody until the further order of the court, would throw light on the question of why the sheriff acted as he did under the circumstances. These papers were for the purpose of explaining the sheriff's conduct. They would tend to explain why the sheriff had the defendant placed under guard while he was ill and in the hospital, in that under the bench warrant he was ordered by

the court to hold the defendant in custody until further order of the court and that he had no authority to release him or remove the guard over until ordered so to do by the judge. The record, we think, shows that at the time he was in the hospital under guard there was a habeas corpus proceeding pending before the judge to determine whether the defendant should be released under bond or otherwise on account of his illness. It does seem to us that when the defendant had made such an attack upon the sheriff as to his official conduct the evidence here objected to was admissible to explain the conduct of such officer and possibly save his testimony from disrepute before the jury. Moreover, in arguing to the court upon the question of the admissibility of such evidence the solicitor stated that its purpose was to explain that the sheriff was only doing what he had to do, and the court made it sufficiently clear to the jury that this was the only purpose for which it was to be admitted. It might be here noted that the defendant in his statement charged the sheriff directly with many acts unworthy of one in his official capacity, all of which the sheriff in his testimony denied and which several other officers who were present also denied. While the defendant's statement was made after the ruling here in question had been made upon the admissibility of the evidence, on a motion for a new trial on the question of whether a judgment should be reversed on account of the introduction of evidence injected into the case which the defendant contended was irrelevant and immaterial, the defendant's statement and the whole evidence, properly admitted, that introduced before and that introduced after the ruling on the admissibility of the evidence in question, may be considered in determining the relevancy and materiality of such evidence. *Fuller* v. *State*, 197 *Ga.* 714 (2) 718 (30 S. E. 2d, 608); *Holland* v. *Bell*, 148 *Ga.* 277 (2) (96 S. E. 419). There is no merit in the assignment of error made in this ground.

3. In special ground 2 the defendant complains that during the argument before the court upon the question of the admissibility of the evidence with which we have dealt in division 1 of this opinion, the solicitor made the following statement: "They [the documentary evidence] have this bearing, Your Honor. Was Sheriff Beeland doing anything except what he had

to do? It looks like to me he is on trial, *looks like to me that the real question now has got before the jury, the question of whether Sheriff Beeland is worthy of any respect at all as a sheriff.*" The defendant contends that the solicitor's last statement, which we have italicized in quoting above, was ground for mistrial. We think that under the facts of this case and the circumstances in which this statement was made, the jury clearly understood that the total effect of the solicitor's statement was that the defendant was attempting to place the sheriff on trial, whereas the main question and only question for their consideration was the innocence or guilt of the defendant, and that the defendant was in no way harmed by the statement as such statement was not in this particular case ground for mistrial.

4. The evidence authorized the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

ON MOTION FOR REHEARING.

MacINTYRE, P. J. Special ground 3 states that the solicitor-general in his argument to the jury made the following remarks: " 'Minus Hardison is either guilty or your sheriff is a liar and a rascal. Tell me if he is a liar and a rascal because I want to know if he is. Minus Hardison is either guilty or the State Patrolmen are liars and rascals. Minus Hardison is guilty according to their evidence; your grand jury of which W. E. Green was foreman says that he is guilty.' The solicitor-general then began to read the names of the grand jurors and the defendant objected to this procedure, and before he could object further the court informed the solicitor-general that his time was up." The argument of the solicitor-general was thus terminated.

Generally speaking, a mere "objection" without more is so general that it would raise no question for determination by this court. *Owen* v. *State*, 78 *Ga. App.* 558 (2) (51 S. E. 2d, 602). But in *Johns* v. *State*, 79 *Ga. App.* 429, 431 (54 S. E. 2d, 142), this court stated, "The simple objection to the argument is in effect a request of counsel for the complaining party for the court to require opposing counsel to desist from further improper argument." The motion or request, whichever you wish

to call it in this case, was under the ruling of *Johns* v. *State,* supra, in effect that counsel desist from such further improper argument. The argument of the solicitor was terminated and therefore there was no further argument by him, and, this being true, under the statement made in *Brooks* v. *State,* 183 *Ga.* 466, 469 (188 S. E. 711, 108 A. L. R. 752) that "in no case will the trial judge's ruling [on improper argument] be reversed for not going further than requested." Therefore, even if, as contended by counsel for the defendant in his motion for rehearing, we should construe the objection as going to the entire remarks by the solicitor-general above quoted, the general statement of counsel for the defendant that he "objected" did not require a reversal under the facts of this case.

In considering special ground 1 of the motion for a new trial the cross-examination of the sheriff by the defendant and the defendant's statement to the jury could both be considered on the motion for a new trial. *Fuller* v. *State,* and *Holland* v. *State,* supra. The introduction of the evidence quoted in special ground 1 was not admitted to support the character of the witness (the sheriff) but merely to explain the conduct of the sheriff as brought into the picture by the defendant in his cross-examination of the sheriff and in his statement to the jury. In *Foster* v. *State,* 72 *Ga. App.* 237, 239 (33 S. E. 2d, 598), this court said, "The attorney for the defendant by his cross-examination brought into the picture the conduct of the officer. This being true, the evidence was admissible to explain the conduct of such officer. The answer of the witness served to explain his conduct and served to save his testimony from disrepute before the jury as to being unreasonable and unauthorized."

When the official conduct of the sheriff has been attacked by the defendant in the cross-examination of the sheriff and in the defendant's statement to the jury, with the imputation that the sheriff has been unfaithful to his official trust and committed acts unbecoming to such officer, it would be a harsh rule to permit such testimony and such statement of the defendant to be spread upon the public record and not permit the sheriff by his own testimony and other relevant and material evidence to explain and neutralize, if he could, such acts. See, in this connection, *Hyde* v. *State,* 70 *Ga. App.* 823, 827 (29 S. E. 2d, 820);

*Aycock* v. *State*, 62 *Ga. App.* 812, 817 (10 S. E. 2d, 84).

This and all other matters in the motion having been considered, the motion for rehearing is

> *Denied. Gardner and Townsend, JJ., concur.*