## 43842. NEAL v. THE STATE.

HALL, Judge. The defendant was convicted and sentenced on an indictment for receiving stolen goods, a 16-foot inboard-outboard motor boat, and appeals from a judgment of the trial court overruling his motion for new trial.

1. The evidence authorized findings that the boat was stolen and that the defendant received it with knowledge that it was stolen. *Birdsong v. State,* 120 Ga. 850, 853 (48 SE 329); *Austin v. State,* 89 Ga. App. 866, 868 (81 SE2d 508); *Prather v. State,* 116 Ga. App. 696 (158 SE2d 291).

2. The defendant enumerates as error the overruling of his motion to suppress evidence on the ground that the search by which the evidence was discovered was made under a search warrant which was issued without a presentation to the issuing officer of facts showing probable cause for the search. The boat was discovered in the course of a search under a warrant issued in connection with criminal charges (against persons other than this defendant) involving an attempted bombing, authorizing a search of the defendant's place of business for dynamite and other explosives suspected of being concealed there. The record in the present case included the affidavit upon which that search warrant was issued, which contains facts fully adequate to support a finding of probable cause for its issuance. The trial court did not err in overruling the defendant's motion to suppress evidence obtained by use of the search warrant. Ga. L. 1966, pp. 567, 568 (*Code, Ann.* § 27-303 (e)); *Wood v. State,* 224 Ga. 121, 124 (160 SE2d 368). See also Harris v. U. S., 331 U. S. 145, 154 (67 SC 1098, 91 LE 1399); Harris v. U. S., 390 U. S. 234, 236 (88 SC 992, 19 LE2d 1067).

3. The trial court did not err in admitting, for the limited pur-

pose of explaining the conduct of the officer executing the search warrant, testimony as to what a person at the place searched told the officer when he asked about the boat, over the objection that it was inadmissible hearsay. *Code* § 38-302; *Phillips v. State*, 206 Ga. 418, 419 (57 SE2d 555); *Jones v. State*, 224 Ga. 283, 285 (161 SE2d 302).

4. The court did not err in admitting into evidence the transcript of the testimony of an out-of-state witness on the previous trial of this case, over the objection that inaccessibility or providential cause for the absence of the witness was not shown. *Smith v. State*, 147 Ga. 689 (95 SE 281); *Taylor v. State*, 155 Ga. 785, 793 (118 SE 675); *Norris v. State*, 58 Ga. App. 399 (198 SE 714).

Enumerations of error numbers 5, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 are not supported by the record or by the argument and authority cited.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 5, 1968—DECIDED SEPTEMBER 16, 1968—REHEARING DENIED SEPTEMBER 30, 1968—

*Richard E. Korem*, for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Robert Sparks*, for appellee.

